HENRY HERRMANN et al ., Appellants, v. A. B. DAILY, Respondent.

Kansas City Court of Appeals, April 4, 1898.

Appellate Practice: ABSTRACT: TRANSCRIPT. The appellate court will not go to the transcript of the record for the purpose of acquainting itself with the nature of the pleadings or evidence but will look only to the abstract, as required by the rule; and where that is insufficient under the rule, the appeal will be dismissed.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

APPEAL DISMISSED.

L. A. HOLLIDAY and JAMES McCANN for appellants, filed brief on merits.

S. J. JONES and J. L. MINNIS for respondent.

SMITH, P. J.—This suit was commenced before a justice of the peace. In the circuit court, where it was removed by appeal, the defendant had judgment and the plaintiffs appealed.

The defendant has filed a motion here to dismiss the appeal on the ground that the plaintiffs have failed to file "a printed abstract or abridgement of the record in the cause, setting forth so much thereof as is necessary to a full understanding of the questions presented to this court for decision as required by the terms of our rule 15.". He has filed no counter-abstract or brief on the merits.

The plaintiffs' abstract, if such it can be called, is certainly insufficient in several particulars. It is

impossible to ascertain therefrom the exact nature of the suit, whether or not it is for the recovery of rent or a crop of grain grown on demised premises.    There is no abstract whatever of the statement of the cause of action.    It is stated that there was a mortgage and lease given in evidence, but these do not appear in the abstract.    The abstract recites *that a part* of the testimony of Mrs. Doty and Harvey Batts are therein set forth.    There is a further recital therein to the effect that "a portion of the defendant's testimony is contained on page 39 of the transcript with reference to the oat crop to which the attention of the court is called.    And we wish to especially call the attention of the court to defendant's testimony contained on pages 42 to 46 inclusive."

It appears from the instructions copied into the abstract that the construction of the mortgage and the lease were involved in the determination of the issues. It is manifest that we can not undertake to review the instructions construing these instruments and declaring their effect without such instruments were before us.    The action of the court in refusing certain instructions is challenged on the ground that there was evidence given to support the hypothesis of the same, when such supposed evidence is not set forth in the abstract.    In the brief of plaintiffs' counsel deductions are made from facts which the evidence is supposed to prove, which evidence nowhere appears in the abstract. We here repeat what we have so often said, namely, that we will not go to the transcript of the record for the purpose of acquainting ourselves with the nature of the pleadings or the evidence.    For this purpose we can only look to the abstract of the record required by rule 15.    As much as we dislike to dispose of appeals without examining the questions involved therein, we are compelled to do so in the present case, unless we

wholly disregard this salutary .rule of practice which we are called upon to enforce.

The motion must be sustained and appeal dismissed. All concur.