Kreisel v. Snavely.

W. J. KREISEL, Administrator, etc., Respondent, v. W. H. SNAVELY et al., Defendants; HENRY BOHLING et al., Appellants.

**Kansas City Court of Appeals, February 1, 1909.**

1. **JUDGMENT: Record Entry: Judge's Minute: Nunc Pro Tunc Entry: Presumption.** The record entry of a judgment is designed to stand as a perpetual memorial of the court's action, but such entry may be made to conform in the judgment in fact rendered, provided there be sufficient record entry to support the correction, the presumption being strong that the clerk entered the court's judgment; and unless the judge's minutes are inconsistent with the record entry they do not impeach it.

2. **REPLEVIN: Judgment: Sureties: Record Entry.** In a replevin suit the defendants gave the statutory bond and retained the property. The court's minute on his docket showed a judg-

ment for the plaintiff. The record entry showed judgment against the defendant and his sureties on the delivery bond. *Held*, there was no inconsistency between the judge's minutes and the record entry and motion for amendment *nunc pro tunc* was properly denied.

Appeal from Benton Circuit Court.—*Hon. Charles A. Denton*, Judge.

AFFIRMED.

*Henry P. Lay* for appellants.

(1) The court alone can render a judgment and the clerk's entry was a nullity, and should have been stricken from the records upon defendant's motion. Pump Co. v. Jones, 126 Mo. App. 536; R. S. 1899, sec. 4476.

*W. S. Jackson* for respondent.

(1) The judgment as entered was the judgment of the court, and not the mere act of the clerk, as appellants contend. R. S. 1899, sec. 1586; Bohm Bros. & Co. v. Stivers, 75 Mo. App. 296. (2) A court of record speaks by its record. The judgment as entered on the record, imparts absolute verity, and needs no docket entries, nor clerk's minutes to vouch for its authenticity. Jones v. Hart, 60 Mo. 356; Bohm Bros. & Co. v. Stivers, 75 Mo. App. 296; Hopper v. Hopper, 84 Mo. App. 117; Tutt v. Couzins, 50 Mo. 152. (3) After the term had passed at which the judgment was rendered it was a final judgment, rendered by a court having jurisdiction both of the parties and the subject-matter, and as such could not have been void, and not being void it was impervious to attack by motion to vacate, or motion to quash the execution at a subsequent term. Freeman on Judgments (2 ed.), sec. 96, 101; Ryan v. McCully, 123 Mo. 636; Harbor v. Railroad, 32 Mo. 425; State ex rel. v. Hooper, 56 Mo. App.

614; Hefferman v. Ragsdale, 199 Mo. 384; Schubach v. McDonald, 179 Mo. 162.

JOHNSON, J.—Plaintiff brought suit in replevin in the circuit court of Benton county against defendants Snavely, Casto & Casto.. The affidavit and bond filed were regular, the writ duly issued, and defendants gave a statutory delivery bond with the appellants, Kieffer and Bohling, as sureties. A jury was waived, the court found the issues for plaintiff and judgment was entered of record by the clerk against the defendants and the sureties on the delivery bond. At the same term, an appeal was allowed defendants to this court but no appeal bond was given and after the adjournment of court for the term, plaintiff caused an execution to be issued. Thereupon, the sureties filed a motion to quash the execution and another motion to vacate the judgment entered against them by the clerk, on the ground that no judgment, in fact, was pronounced against them by the court and that their inclusion in the judgment was the unauthorized act of the clerk of the court. These motions were heard, and overruled and the sureties appealed. Their contention that the judgment against them should be declared void is founded entirely on the entries made by the judge in his minute book, which are as follows:

*"R. C. Kreisel* v. *W. H. Snavely et al.*—Replevin.

March 25; reply withdrawn; demurrer 2nd count. March 26; motion by Bishop to be made party defendant; motion denied; demurrer sustained. Trial to court proceeds, judgment for plaintiff that she have possession of property and find value of plaintiff's interest in property at $165.53 and costs. Motion for new trial; overruled; affidavit for appeal; bill of exceptions during July term; appeal granted to K. C. Court of Ap-

peals; bond fixed at $500 to be given within ten days after adjournment of this term."

It has been held repeatedly that the trial court, even after the expiration of the term at which a judgment is entered, possesses the inherent power to correct errors in the record which result from the misprision or mistake of the clerk. [Stacker v. Court, 25 Mo. 401; Robertson v. Neal, 60 Mo. 579; State ex rel. v. Primm, 61 Mo. 166; Harlan v. Moore, 132 Mo. 483; Bishop v. Seal, 92 Mo. App. 167; Cauthorn v. Berry, 69 Mo. App. 404; State v. Jeffors, 64 Mo. 376.]

"His (the clerk's) entry of a judgment in the records is designed to stand as a perpetual memorial of the court's action, but the judgment itself is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict." [Kansas City Pump Co. v. Jones, 126 Mo. App. 536.] And where the clerk, either by design or mistake, fails to record the judgment actually rendered, the court may alter the memorial of the judgment to make it express the sentence pronounced, provided the record entries furnish the evidence to support the correction. [Robertson v. Neal, supra; Bohm Bros. v. Stivers, 75 Mo. App. 291.] To say otherwise would be to hold, in effect, that the clerk —a mere ministerial officer—may exercise judicial functions in such cases.

But the power of the court to vacate or amend at a subsequent term the record of the judgment entered by the clerk is restricted to those cases where it clearly appears from the record entries that an error of the character discussed has been made by the clerk. The judgment entered by the clerk is presumed to be the judgment directed by the court. This presumption is very strong and is made stronger by section 1586, Revised Statutes 1899, which provides that "full entries of the orders and proceedings of all courts of record

of each day shall be read in open court on the morning of the succeeding day, except on the last day of the term, when the minutes shall be read and signed by the judge at the rising of the court." So strong is the presumption that the clerk and judge have properly discharged their respective duties that it must be overcome, if at all, "by proper record evidence of a different judgment actually rendered by the court." [Bohm Bros. v. Stivers, supra; Wooldridge v. Quinn, 70 Mo. 370; Jones v. Hart, 60 Mo. 354.] Guided by these rules, we must sustain the action of the trial court in overruling the motions of appellant which were not filed until after the term at which judgment was rendered had expired. There is no record evidence to impeach the judgment entry made by the clerk. The minutes made by the judge are consistent with the recorded judgment. They show that judgment was pronounced in favor of plaintiff, and the value of her interest in the property is assessed. They do not mention any of the defendants and it is not essential that they should. The minutes of the judge are not the memorial of the judgment but are mere record evidence of what was adjudged, and their failure to specifically mention things that were embodied in the perpetual memorial affords no ground for attacking the verity of that memorial where its recitals are not inconsistent with the minutes. In Kansas City Pump Co. v. Jones, supra, the case presented differs materially from that under consideration. There, the judgment entered by the clerk was expressly contradicted by the judge's minutes while here, as we have shown, the two are in harmony. Presumably the judge in entering the judgment on his minute book in favor of plaintiff actually pronounced judgment, not only against all the defendants of record, but also against the sureties on the delivery bond (section 4476, Revised Statutes 1899), and in the absence of a showing by record evidence that

judgment was not thus pronounced, we must presume that the clerk did his duty properly.

The judgment is affirmed. All concur.