HIMMELBERGER-HARRISON LUMBER COMPANY, Appellant, v. HENRY JONES et al.

Division Two, May 18, 1909.

1. **SHERIFF'S NON EST RETURN: Order of Publication.** A *non est* return made by the sheriff prior to the first day of the return term affords no basis for notice by order of publication, and a judgment rendered in pursuance to an order of publication based on said return is void, as is also a sheriff's deed made thereunder. It is the duty of the sheriff to retain the writ in his hands until the return day as fixed by law, unless the defendant is sooner found.

2. **QUIETING TITLE: Decree for Defendant: No Prayer.** In a suit to ascertain and determine the title it is not necessary that defendants in their answer request the court to adjudge and decree that they are the owners of the land. The provisions of the statute upon which the suit is based contemplate that the court will ascertain and determine the title of all parties to the suit; and when plaintiff asks that that be done, and the title is found to be in defendants, it is obviously the court's duty to decree that they are the owners, whether requested by the answer to do so or not.

3. ———: **Evidence Showing Title in Defendants.** Where the answer alleges that defendant Sarah is the widow of Henry and that the other defendants are his children and heirs at law, and there is no reply to these allegations, and it is expressly agreed upon the trial that Henry is the common source of title, and the court finds that the sheriff's deed in the tax suit against Henry, under which alone plaintiff claims, was invalid, there is ample evidence for a decree adjudging defendants to be the owners of the land.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Ralph Wammack* and *Oliver & Oliver* for appellant.

The judgment in this case is not responsive to the pleadings. This constitutes reversible error. A judgment must be based on, and in conformity with, the pleadings and facts proven. It is limited by them. The answer in this case contains no prayer for the vesting of the title in defendants; the judgment rendered does so and thereby exceeds the limits made by the pleadings. There is not one syllable in the testimony offered to warrant the trial court in entering a judgment vesting the title in defendants. No transfers of any kind were shown to have been made from the common source of title to these defendants; no heirship was shown to have existed between them; omitting the answer, the names of these defendants do not appear in this record; in entering the judgment it did in this case, the trial court went beyond the facts proven or admitted and thereby committed error. Black v. Early, 106 S. W. 1023; Roden v. Helm, 192 Mo. 94; Schneider v. Patton, 175 Mo. 723; Newham v. Kenton, 79 Mo. 385; Ross v. Ross, 81 Mo. 84. If the pleadings contain no prayer for the quieting of the title in the defendant, it is not competent for the court to do so. Gambol v. Daugherty, 71 Mo. 602.

*Keaton & Keaton* for respondents.

FOX, J.—This suit was instituted in Stoddard county, Missouri, on the 2d day of January, 1905, under the provisions of section 650, Revised Statutes 1899, by which it was sought to ascertain and determine the title of the respective parties to this suit, plaintiff and defendants, to the following-described land: The north half of section 23, township 27, range 12 east, situate in Stoddard county, Missouri.

The petition alleged that the plaintiff was the owner of the land in controversy and had been in the open, notorious, hostile, continuous and adverse possession of it under a bona fide claim of title for more than ten years prior to the bringing of this suit, and it was also asserted that during all that time the plaintiff exercised all the acts of ownership over such land of which it was susceptible.

The defendants, Sarah E. Jones, Walter Jones, John Jones, Letha Deneen, Alice Jones and Maud Brewster, entered their appearance in said suit on the 6th day of March, 1905, and filed their joint answer. The answer was as follows:

"Now come the above-named defendants herein, and for their answer to the petition in this case, state as follows, to-wit:

"That Sarah E. Jones is the widow of Henry Jones, deceased, and Walter Jones, John Jones, Letha Deneen, Alice Jones and Maud Brewster are his children and heirs at law;

"That defendants admit the incorporation of plaintiff and that they claim title in fee to the land described in the petition, which is adverse to the interest claimed by plaintiff in the same; and that, except as hereinbefore admitted, they deny each and every allegation of fact contained in the petition.

"Wherefore, having fully answered, defendants pray to be dismissed with their costs."

On these issues the case proceeded to trial in the court below. On the trial it was agreed by and between the parties that Henry Jones was the common source of title.

Plaintiff next offered a sheriff's deed from J. R. Barham, sheriff of Stoddard county, Missouri, to Isaac and John H. Himmelberger, dated September 16, 1891, and recorded October 2, 1891, in the land records of Stoddard county, in book 2, page 17, conveying all the right, title and interest of Henry Jones in and to the lands in controversy. No objection was made to the introduction of this sheriff's deed. It is in the usual form of a sheriff's deed under special execution for the enforcement of tax judgments. It is regular and makes all necessary and statutory recitals on its face. It was based upon a judgment obtained by the State ex rel. Joseph Howell, collector of Stoddard county, against Henry Jones, for back taxes on the land in controversy. Defendants, however, contend that the judgment upon which this sheriff's deed was based is void for want of power in the circuit court of Stoddard county to make the order of publication, bringing the defendant Jones into court.

It was agreed on the trial that the plaintiff in this case holds by mesne conveyance whatever title there was conveyed by this sheriff's deed to Isaac and John H. Himmelberger.

This was all of the record testimony offered on behalf of the plaintiff.

There was other testimony offered by the plaintiff in support of the allegations of adverse possession by the plaintiff and *laches* charged to the defendants.

The defendants, for the purpose of impeaching the sheriff's deed offered in evidence by the appellant, offered: (1). The summons issued in the case of State ex rel. Joseph Howell, Collector, v. Henry Jones, with

220 Sup—13

the sheriff's return and other indorsements made thereon. And to this offering of the summons and return, the appellant objected for the following reasons: First, the circuit court's action in making the order of publication was a judicial determination by the judge of the circuit court of Stoddard county as to whether or not the defendant named in the summons, Henry Jones, could not be found in the State of Missouri. Second, that upon that judicial determination the order of publication was issued, and that the judicial determination of that question and the order of the court itself making the order of publication could not be attacked in this collateral way. That the written issues made in this case would not permit an assault upon the judgment of a court of general jurisdiction in the collateral way and that such offering was incompetent in this proceeding.

Thereupon the court remarked: "The objections of the defendant to the sheriff's deed will be sustained because it appears upon inspection of the original summons in this case, that the original summons in State ex rel. Joseph Howell, Collector, v. Henry Jones, was directed to the sheriff of Gentry county, Missouri, and made returnable on the second Monday in September, 1890, and the return of the sheriff on the summons shows that it was executed in Gentry county, Missouri, on the 28th day of July, 1890, 'by searching for the within named Henry Jones, and he not found in this county,' and the deed will be excluded." To which action and ruling of the court, the plaintiff excepted at the time.

Thereupon the court overruled plaintiff's objection to the introduction of the summons and the indorsement made thereon, and the plaintiff again excepted at the time.

The summons is one in usual form, directed to the sheriff of Gentry county, and dated on the 18th day of July, 1890. It is made returnable on the first

day of the next term of the Stoddard County Circuit Court, which then met on the second Monday in September, 1890. The sheriff's return is as follows:

"Executed the within writ in the county of Gentry on the 28th day of July, 1890, by searching for the within-named Henry Jones, and he not found in this county.

"W. S. JENNINGS,
"Sheriff, ——————— County, Mo."

On the face of said summons and in the handwriting of the same person who wrote the return, appears the following indorsement, to-wit:

"This man is gone to Oklahoma.    W. S. J."

(2). Defendants next offered the petition in the tax case. (3). They next offered the original notice of publication with the affidavit and proof of publication. Order of publication was made November 22, 1890, on the 12th day of the September term, 1890, of the circuit court of Stoddard county, Missouri.

(4). Defendants next offered the judgment entered in the case of Joseph Howell, Collector, v. Henry Jones, which judgment was rendered on the 7th day of March, 1891, and recites that the defendant was served by order of publication made in the Bloomfield Vindicator, a weekly newspaper published in Stoddard county, Missouri, and makes each and every other recital that is usually made in judgments of circuit courts, where defendants are notified by publication; the decree recites the delinquency of certain taxes and declares the same to be a lien upon the land in this suit, and orders the same sold for the payment thereof. No point is made against this judgment other than the want of jurisdiction on the part of the court in entering it, and this alone was the only purpose of introducing it by the defendants.

In rebuttal, the plaintiff offered the original order of publication as found in Circuit Court Record Book "N," page 269. A certified copy of this order was offered by defendants. It recites: "Now comes the plaintiff by his attorney, and it appears to the satisfaction of the court that the defendant herein cannot be served with summons, it is ordered by the court that publication be made notifying defendant that an action has been commenced against him in this court by petition, the object and general nature of which is to enforce the lien of the State of Missouri for taxes," etc.

This was all the testimony offered on either side proving or tending to prove paper title, or the regularity or the irregularity of the proceedings in the circuit court of Stoddard county under which the sheriff's deed was made.

This is a sufficient presentation of the facts disclosed by the record upon which this cause was submitted to the court. At the close of the evidence the cause was submitted and the court made its finding upon the issues, in favor of the defendants, and entered its judgment and decree in accordance with such finding. It was adjudged by that decree that defendants were the owners of the tract of land in controversy.

A timely motion for new trial was filed and by the court taken up and overruled. From the decree and judgment rendered in this cause the plaintiff prosecuted its appeal to this court and the record is now before us for consideration.

## OPINION.

The main propositions disclosed by the record in this cause are substantially the same as were presented in the two cases by this same plaintiff, one against McCabe and Sallee, the other against J. W. Deneen, in which cases the opinions and conclusions reached were announced at the present sitting of this court.

We see no necessity for discussing the legal propositions disclosed by the record in the case at bar. The controverted legal propositions presented in this case all rest upon substantially the same state of facts as is disclosed by the records in the McCabe and Deneen cases, and what was said in those cases is equally applicable to the case now in hand and must be held decisive of it. However, there is this additional complaint made in the case at bar by learned counsel for appellant, that is, that the trial court, without any request or prayer upon the part of the defendants so to do, and without any testimony showing title in said defendants, adjudged by its decree that the defendants were the owners of the land in controversy.

It is only necessary to say of this complaint that there was no necessity for defendants to request or pray the court by their answer to adjudge that they were the owners of the land in dispute, for the reason that the provisions of the statute upon which plaintiff's petition is predicated contemplate that the court will ascertain and determine the title of all the parties to the suit, including both plaintiff and defendants. The petition of the plaintiff in this cause, in its final prayer to the court, asked the court to try, ascertain and determine the estate, title and interest of the plaintiff and defendants and to define and adjudge by its decree the nature and character of the interest of the parties litigants in this proceeding.

The trial court obviously sought to do what the statute contemplated should be done, and as requested by the plaintiff in its petition, by its decree and judgment sought to determine the title, estate and interest of the respective parties to this suit in and to the land in dispute.

It is further insisted that the trial court erroneously adjudged that the defendants were the owners of the land in controversy in the absence of any testimony showing title in them. The disclosures of the

record in this cause furnish a complete and satisfactory answer to this complaint. Doubtless counsel for appellant in making this complaint overlook certain statements embraced in the abstract. The record expressly recites that upon the trial it was agreed between the parties that Henry Jones is the common source of title. The defendants, by their answer, allege that Sarah E. Jones is the widow of Henry Jones, and the other defendants are his children and heirs at law. These allegations in the answer are not denied by any replication filed by the plaintiff. Upon this state of the record, there was no proof required as to the title of the defendants. It was conceded that Henry Jones was the common source of title, and the allegations in the answer that defendants were the children and heirs at law of Henry Jones, in the absence of any denial of their truth, must be accepted as true.

It is plainly made manifest by the disclosures of the record that this cause was tried upon the theory that, unless the sheriff's deed under the tax proceeding divested Henry Jones of the title to the real estate in dispute, the paper title to the land was in Henry Jones. Having held that the sheriff's deed under the tax proceeding was invalid, the trial court was fully warranted in determining that the title to the land in controversy rested with the defendants.

Entertaining the views to which we have herein given expression, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.