GEORGE RAYMOND, MILLICENT R. RAYMOND, G. L. NOLAND, LOU TWAY NOLAND and T. J. MURRAY, Appellants, v. T. C. LOVE, Respondent.

Springfield Court of Appeals, January 28, 1916.

1. **JUDGMENT: How Evidenced: Record: Minutes.** What is the judgment of a court is evidenced by the written record of the same and not by the judge's minutes thereof. No part of the judgment as entered is subject to collateral attack because not supported by or mentioned in the judge's minutes.

2. ———: **Record: Minutes: Res Judicata: What Not.** In a suit to determine title to property the minutes of the trial judge entered by him on his docket, recited: "Trial by court: Judgment for plaintiff subject to easement of public." The judgment as entered by the clerk was: "For the plaintiff subject to an easement in the public as well as all the defendants, to use the land as an alley." The minutes did not invalidate the record judgment or make it *res judicata* in a later suit between the same parties.

3. ———: **Correctness of: Evidence.** When a part of a judgment as entered is assailed by a motion for new trial or in arrest, which the court overrules, it is conclusively shown that such part is a part of the court's judgment, though not mentioned in the judge's minutes.

4. **APPEAL AND ERROR: New Trial: Newly Discovered Evidence.** A new trial should not be granted on the ground of newly discovered evidence when such evidence is not competent or sufficient to overturn or change the judgment entered.

5. **————: Granting New Trial: When Upheld.** Though a trial court may have been wrong in granting a new trial on the ground assigned by it, yet such action may be upheld on any ground contained in the motion if found to be valid.

6. **JUDGMENT: Res Judicata: What Included.** To be *res judicata* the matter adjudicated must be within the scope of the issues made by the pleadings.

7. **————: When Subject to Collateral Attack.** That a judgment or any part of it may be void and subject to collateral attack as not being supported by the pleadings, the matter adjudicated must be such as is beyond the scope and purport of the pleadings.

8. **————: When Pleadings Support.** In a suit to determine title to land under section 2535, Revised Statutes 1909, judgment that defendants had an easement or a right of way over the land is authorized by the general scope of the pleadings and conclusive in a subsequent suit between the same parties.

9. **APPEAL AND ERROR: Motion for New Trial Granted: Effect of Reversal on Motion in Arrest.** Where a motion for new trial and one in arrest of judgment are filed and the court grants the motion for new trial which is reversed on appeal, this leaves the motion in arrest to be acted on by the trial court.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

Reversed and remanded (*with directions*).

*John Schmook, M. C. Smith* and *Lewis Luster* for appellants.

*Perry T. Allen, Neville & Gorman* and *H. E. Howell* for respondent.

STURGIS, J.—This is an appeal from the order of the trial court granting defendant a new trial in an injunction suit brought by plaintiffs to restrain defendant from obstructing an alley or driveway. After

granting the decree of injunction, the court sustained a motion for new trial on specified ground of "newly discovered evidence bearing on said cause" and plaintiffs have appealed.

The plaintiff Murray and defendant Love are adjacent lot owners in Springfield, Missouri. The driveway in controversy, about twelve feet wide, is between their respective properties, and serves as a means of ingress and egress to and from the rear end of Murray's premises and serves a like purpose for the premises of the other plaintiffs. We gather from the record that the strip of ground has never been platted or dedicated to the public for use as an alley or driveway, but has been in actual use as a driveway by the owners of these lots for a great many years, and that the dispute as to the ownership of the land and the real rights of the parties therein is one of long standing. In respondent's statement it is said that the origin of plaintiffs' claim to have an easement in this strip of ground to use it perpetually as a driveway is a reservation in a deed made many years ago conveying defendant's lot to him in these words: "Reserving therefrom a strip twelve feet wide off the south end for an alley."

The instant case, however, does not deal with the original facts tending to sustain plaintiffs' right to an easement in and over this land. Such facts come into this case only incidentally. The plaintiffs claim that such facts are in this case *res judicata* in their favor, and rest their claim to an easement on the judgment of the circuit court of Greene county, Missouri rendered in a suit between these same parties, and involving the same subject-matter. To sustain their claim, the plaintiffs put in evidence in this case the judgment and proceedings had in that court some years prior to this suit in a cause where this defendant was plaintiff and these plaintiffs were defendants, being a suit to determine title to the strip of land in controversy under the provisions of section 2535, Revised Statutes 1909. The

decree in that case includes a long finding of facts, among which are: that in 1883 the then plaintiff, now defendant, acquired his tract of land by deed, describing it, and adding, after the description, these words: "Reserving therefrom a strip of ground twelve feet wide off the south end for an alley;" that said lands has previously been transferred a number of times by deeds making the same reservation; that at no time while the then plaintiff lived on the property were the occupants of these other lots denied the right to use this strip of land in controversy as a passage way in and out from their properties, and in fact no one was ever denied the right to use the strip of land as a passage way during the time plaintiff occupied the lot; that the twelve feet in controversy is that designated in the deeds as being reserved for an alley and is in fact the south twelve feet described in plaintiff's deed; that the then defendant Murray, after acquiring his lot in September, 1900, continued to use said strip of ground as a driveway from that time to the beginning of that suit without interruption or objection on the part of the then plaintiff, and the occupants of the other lots used the driveway continuously during all the time up to the time of bringing that suit; that for more than ten years prior to the bringing of that suit every person having occasion to use this strip of land used it without any objection and without any obstruction on the part of the plaintiff or any other person. The decree then adds: "I find that the clause in plaintiff's deed, as follows: 'Reserving therefrom a strip twelve feet wide off the south end for an alley,' constitutes a reservation and not an exception, and that said deed conveys to plaintiff the title to the strip in controversy. I further find that it was the intention of the grantors in said deed to dedicate the said strip in controversy as an alley. I further find that the possession of this strip in controversy by defendant Murray is not of such character as to vest in him the title to the property. I therefore find that the

title to the property in controversy is well vested in plaintiff subject to the right of the public as well as all of the defendants to use said strip of land perpetually as an alley. Wherefore, the premises considered, it is ordered, adjudged and decreed by the court that the plaintiff is the owner of the strip of ground in controversy, described as follows: (giving description) subject to the right of the public as well as the defendants to use said strip of ground perpetually as an alley." Each party was adjudged to pay the costs made by such party.

The petition in that case is short and merely recites that the then plaintiff (now defendant) is the owner of the tract of land then and here in controversy, describing it, and that defendants (here plaintiffs) claim to have some title, estate or interest in such property adverse to the title of plaintiff. The prayer is "That the court ascertain and determine the estate, title and interest of all the parties hereto respectively in such real estate, and to define and adjudge by its judgment and decree the title and estate of the parties severally in and to such real estate; and plaintiff prays the court to hear and finally determine any and all rights, interests, liens and demands whatsoever of all the parties hereto or of any one of them concerning or affecting said real property and award full and complete relief, whether legal or equitable, to the several parties, and to each of them."

It is conceded that such case was appealed by both the parties to the Supreme Court and that such proceedings were had therein that the judgment of the trial court was affirmed.

In the present case, on proof of such former decree and on proof, the sufficiency of which is not now in question, that the defendant, plaintiff in that suit, is and has been obstructing the alley or driveway, the court rendered a decree requiring defendant to remove said obstructions and perpetually enjoining him from further

obstructing said alley in the future, reciting as the basis for such decree the said former judgment in the suit to determine title, "Wherein and whereby said court found and decreed that T. C. Love held the legal title to said strip of ground as herein described, subject, however, to the rights of the public as well as the defendants (the defendants in said cause being the plaintiffs in this case) to use said strip of ground perpetually as an alley, and this court now holds and construes such judgment and decree to hold that the plaintiffs in this cause, who were the defendants in the former cause in which judgment was rendered, their heirs and assigns, have the right to use all and every part of said strip of ground as above described perpetually as an alley or driveway, and that the title to said strip of ground is in T. C. Love, subject to the easement of the plaintiffs herein, their heirs and assigns, to use the same as a driveway and as a means of ingress and egress to and from the property now owned by the plaintiffs in this cause, adjoining or adjacent thereto; but that said former judgment, in so far as it attempts to hold that said alley is a public alley, or that the public as such has a right to use said strip of ground as a public alley, is of no effect, and that the court had no jurisdiction or power to make such finding as to public rights in the premises."

The newly discovered evidence on which the court granted a new trial, on defendant's motion therefor, is the minutes of the trial judge entered by him on his docket at the time of rendering the judgment in such former suit to determine title, and which reads: "Trial by court. Judgment for plaintiff subject to easement of public." The claim now made is that this minute of the trial judge makes void the record judgment of the trial court in the suit to determine title in so far as it determines the right of the then defendants, plaintiffs here, to an easement in the roadway in question; that the real judgment in that case is thus shown to have

192MA26

only determined that the *public* had an easement to use this land as an alley, and that the clerk of the court, without any authority made the record of the judgment so read as to give the public "as well as all of the defendants" the right to use said strip of ground as an alley. It is then argued that as the court has now decreed that in such former suit the court has no jurisdiction to adjudge said alley to be a *public* alley or to vest an easement therein in the public, and it is now shown by the minutes of the judge that the court did not give the *then defendants,* now plaintiffs, any right to use same as an alley, the whole former judgment must fall and carry with it to destruction the present judgment founded thereon.

We think however, that the discovery of the minutes of the trial judge in this former case and the introduction of same in evidence on another trial cannot have any such result. It will be noted that the judgment entered in such former case does not *conflict* with the minutes of the judge inasmuch as the judgment entered is a judgment for the then plaintiff and subjected his title to the easement of the public in said alley. But it is claimed that the judgment entered of record goes further and specifically awarded *defendants*, plaintiffs here, an easement over and right to use said strip of ground as an alley, and that so much of the judgment as is in excess of that specified by the judge's minutes is void. The law, however, is different, and the validity of judgments, in whole or in part, is not limited by and does not rest on any such frail foundation as the judge's minutes. The court considered this question in Jones v. Hart, 60 Mo. 351, where it was contended that the judge's minutes did not warrant the judgment entered or in fact any judgment at all. The court held that if no judgment is entered, or one conflicting with the judge's minutes or clerk's minutes, then such minutes might be the basis of a *nunc pro tunc* judgment, but said: "Judgments are presumed to be rendered by the court

and cannot be considered to be merely the act of the clerk and all errors therein to be his misprisions. . . On the other hand, we are of opinion that the motion to expunge the judgment on the ground that there was no entry in the judge's docket or in the clerk's minutes showing that such a judgment or that any judgment had been rendered was properly overruled. The judgment was on record, the term had passed, and the record imports absolute verity and could not be assailed in that manner. It needed no such vouchers for its authenticity as judge's docket and clerk's minute. These might be sufficient to authorize the court to render up a judgment which was really rendered but had no record existence, but their absence cannot destroy the validity of a judgment which is on record. Such doctrine would imperil the existence and authority of our judicial records.'' In Kreisel v. Snavely, 135 Mo. App. 155, 115 S. W. 1059, a judgment was sought to be impeached on the ground that the judge's minutes showed no more than a judgment for plaintiff in a replevin suit, and in no way mentioned or authorized the clerk to enter a judgment against the sureties on a statutory bond given in the case by defendants. The court said: "There is no record evidence to impeach the judgment entry made by the clerk. The minutes made by the judge are consistent with the recorded judgment. They show that judgment was produced in favor of plaintiff and the value of her interest in the property is assessed. They do not mention any of the defendants and it is not essential that they should. The minutes of the judge are not the memorial of the judgment but are mere record evidence of what was adjudged, and their failure to specifically mention things that were embodied in the perpetual memorial affords no ground for attacking the verity of that memorial where its recitals are not inconsistent with the minutes.'' And so it was held in Monk v. Railroad, 166 Mo. App. 692, 150 S. W. 1087, that the mere *silence* of

the docket and the minutes as to a part of the judgment entered of record is not sufficient to authorize that portion of the judgment to be rejected or stricken out. This was held on a motion to modify the judgment, and later on a motion for a correction of the judgment *nunc pro tunc* the court held that the mere silence of the judge's docket entry and clerk's minute as to a portion of the judgment did not authorize a correction in that manner, the court saying (page 707): ''Defendant's position amounts to this—that the mere silence of the minute book and the judge's docket as to the agreement will overturn the judgment as recorded in the record. If we were to allow that position to be sound it would destroy not only the agreement in this case, but the whole judgment. . . . If every part of judgments entered of record had to be affirmatively authorized by the judge's docket, or the clerk's minutes, the bar of the state has long been in error.''

If the newly discovered evidence, the minutes of the judge, is not sufficient, as we have seen, to overturn or correct the judgment as rendered in a direct proceeding, such as a motion to correct, or for a new judgment *nunc pro tunc,* much less can it be used to overturn such judgment in a collateral attack such as is attempted here . ''The minutes kept by the judge and clerk,'' says the court in Bracken v. Milner, 99 Mo. App. 193, ''may, at a term subsequent to the trial at which the judgment was rendered be used for the purpose of correcting an error of the clerk in entering the judgment or for the purpose of entering a correct judgment when a wrong one had been recorded, or for the purpose of entering a judgment *nunc pro tunc* where the clerk omitted to enter any judgment at all upon the records, *but can never be used in a collateral proceeding to show error or mistake in the judgment itself.*''

Moreover, it was shown that the docket kept by the clerk of the court showed an entry in such former suit on the same date as the judge's minutes ''Trial by court

and decree as per form" and the clerk's minute of such judgment is "Trial by court. Decree as per form and ordered that each party pay the costs made by him." The finding of facts made by the trial judge on defendant's motion was filed in the case and reads: "I therefore find that the title to the property in controversy is well vested in the plaintiff, subject to the right of the public as well as all of the defendants, to the use of said strip of ground perpetually as an alley." The motion for new trial filed by this defendant and overruled in that case at the same term at which the judgment now assailed was entered assigns as error that "The court erred in finding that the public as well as the defendants had a right to the use of said strip of ground in controversy perpetually as an alley. It is strange, if such was the fact, that it was not then urged and that the court did not of its own motion note that the part of the judgment giving the then defendants an easement in such land was outside and beyond the judgment actually rendered by the court, and was the result of the clerk's misprision—a matter which if true could and would have been corrected at that term and while the whole matter was yet in the breast of the court.

Taking the whole record of that case, as defendant insists we should do, the conclusion is irresistible that the decree as entered on the record is not shown to be other or different than the decree actually rendered by the court. The newly discovered evidence must therefore be held incompetent to overturn or to in any way modify the binding force and effect of the judgment in the former suit to determine title and a new trial should not be granted to let in such evidence.

We readily agree to defendant's contention that even if the trial court was wrong in granting a new trial on the ground assigned by it, yet its action in that respect may be upheld on other grounds contained in the motion, if found to be valid. [Hewitt v. Steele, 118 Mo. 463, 24 S. W. 440.] The other ground so urged here is

that the judgment in the suit to determine title is void so far as it gave the then defendants an easement in the land because such finding is not authorized by the pleadings. It is the well established law that a court has no jurisdiction to decree with reference to a matter not within the scope and purport of the pleadins—that to be *res judicata* the matter adjudicated must be within the scope of the issues made by the pleadings. [Charles v. White, 214 Mo. 187, 202, 111 S. W. 911; Hope v. Blair, 105 Mo. 85, 93, 16, S. W. 595; Cooper v. Reynolds, 10 Wall. 316, 19 Law Ed. 931.]

"A decree, or any matter of a decree which has no matter in the pleadings to rest upon is void because pleadings are the very foundations of decrees." [Waldron v. Harvey, 54 W. Va. 1. c. 613, 46 S. E. 604.] But for a judgment or any part of it to be void and subject to collateral attack, as is here attempted, the matter adjudicated must be such as is beyond the scope and purport of the pleadings, and it is not enough that it is not within the strict letter thereof. The court need not and frequently does not grant the exact relief asked by either party, and it is sufficient that the relief granted is of the character asked for. The court cannot go beyond the scope and general purpose of the pleadings, but it may grant any relief, however erroneous, within such scope and purpose and its judgment be free from collateral attack. In Foltz v. Railroad, 60 Fed. 316, the court, in discussing the question of jurisdiction to render a particular judgment said: "It (jurisdiction) is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court by the law of its organization to deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority according to its own view of the law and the evidence whether its decision is right or wrong, and every judg-

ment or decision so rendered is final and conclusive upon the parties to it unless reversed by writ of error or appeal, or impeached for fraud.''

The proceeding to determine title is statutory and the statute, section 2535, under which the former suit was brought, is broad and comprehensive in its scope. It empowers the court, in a suit brought thereunder, to ascertain and determine the estate, title and interest of the rival claimants and to define and adjudge the same, whether such estate, title or interest be legal or equitable, certain or contingent, present or in reversion or remainder, and whether in possession or not, and if same be asked for in the pleadings, the court shall hear and determine any and all rights, interests, liens and demands whatsoever of the parties or any of them concerning or affecting such real estate. [Utter v. Sidman, 170 Mo. 284, 289, 70 S. W. 702.] The plaintiff's petition in the former case is almost as comprehensive as the statute itself, and the fact that the defendant Murray by his answer claimed the title in fee in himself subject to the right of his co-defendants to use the strip of ground as a driveway in no way limited the scope and general object of the proceedings, which alone mark the limit of the court's jurisdiction to render a judgment free from collateral attack. [Lumber Co. v. Jones, 220 Mo. 190, 197, 119 S. W. 366; Armor v. Frey, 226 Mo. 646, 603, 126 S. W. 483; Huff v. Land Co., 157 Mo. 65, 57 S. W. 715.] The former judgment of the court determining the respective rights, title and interests of the parties in this land to be that the then plaintiff, Love, is the owner of the strip of land in question and that the then defendants, plaintiffs here, had the right to use the same perpetually as an alley, however erroneous it may have been under the facts and the law applicable thereto, if tested on appeal or by writ of error, is nevertheless within the scope and object of the pleadings and is in this suit valid and binding.

Neither party complains of or can be seriously aggrieved by that part of the present decree which holds that said former judgment, in so far as it attempts to hold that said alley is a *public* alley, or that the public as such has the right to use said strip of ground as an alley, is of no effect and beyond the power of the court to so decree, and it is useless to discuss that feature of the case.

The result is, that the order of the court granting a new trial should be reversed. It appears, however, that a motion in arrest of judgment is yet pending in the trial court. No reason is suggested and none is apparent why the motion in arrest should be sustained. That matter, however, is not before this court for final decision and the case is remanded with directions to the trial court to set aside the order granting a new trial and overrule the motion therefor, to dispose of the motion in arrest of judgment and to proceed in conformity with this opinion.

*Robertson, P. J.,* and *Farrington, J.,* concur.