C. Rex JEANS, Plaintiff-Respondent,

v.

Patricia Jane JEANS, Defendant-Appellant.

No. 7685.

Springfield Court of Appeals.

Missouri.

May 28, 1958.

Motion for Rehearing or to Transfer Overruled July 11, 1958.

Watson & Tudor, Joplin, Charles E. Ruyle, Neosho, for defendant-appellant.

Stanley P. Clay, Emerson Foulke, Joplin, for plaintiff-respondent.

STONE, Presiding Judge.

In this second appellate chapter [1] of another confused and tragic story of post-marital strife, defendant wife appeals from orders entered in the circuit court on October 9, 1957, (a) sustaining plaintiff husband's motion for nunc pro tunc "correction" of the judgment for alimony rendered in the divorce suit on March 2, 1954, and entering a "corrected" judgment in accordance with plaintiff's said motion, (b) quashing an execution issued for delinquent monthly alimony payments, and (c) overruling defendant's motion for suit money and attorneys' fees. Plaintiff's motion for, and the trial court's entry of, a nunc pro tunc "correction" rested upon a .difference between the language of the minutes of the judge's docket (reproduced literally in the margin) [2] and the language of the judgment entered by the circuit clerk (the only "corrected" paragraph being copied marginally),[3] in that the *judge's minutes* provided for alimony of $1,000 on April 1, 1954, $350 per month for the next eighteen months, and $250 per month thereafter *"until death or remarriage of defendant,"* while the *judgment* required payments in identical amounts, on the same dates and for like periods, *"except that all*

1. For the first chapter, see Jeans v. Jeans, Mo.App., 300 S.W.2d 870.

2. "3-2-54 Original Reply to def's Answer and Cross-Bill to Amended Pet. refiled: Trial by court; decree of divorce granted Defendant on her cross-bill; and plaintiff's petition is dismissed; care & custody of Terry Francis, Michael Rex, & Kriss Irene Jeans awarded to Plt., Jdg for alimony in sum of $1,000.00 payable on 1st day of April 1954 & $350.00 payable on the 1st day of May 1954 & $350.00 payable on the 1st day of the next succeeding 17 mos. & $250.00 payable on the 1st day of each succeeding calendar month thereafter until death or remarriage of defendant; Jdg. for $750.00 atty. fee in lieu of and substituted for $1,500.00 fee heretofore al-

lowed; Def. to have the right of reasonable visitation of said infants; By agreement of parties deposition of def. is withdrawn from files."

3. "It is further ordered, adjudged and decreed that the defendant have a judgment for alimony in the sum of $1,000.00 payable on the first day of April, 1954, and in the further sum of $350.00 payable on the first day of May, 1954, and a like sum payable on the first day of the next succeeding 17 months and the sum of $250.00 monthly payable on the first day of each succeeding calendar month thereafter, except that all alimony herein adjudged and decreed in favor of the defendant shall cease upon her death or remarriage."

*alimony herein adjudged and decreed in favor of the defendant shall cease upon her death or remarriage."* (All emphasis herein is ours.) The only nunc pro tunc "correction" in the judgment was deletion of the italicized "except" clause and substitution, in lieu thereof, of the phrase, "until death or remarriage of defendant." The execution for delinquent alimony payments was quashed on the theory (urged by plaintiff) that the "corrected" judgment was "beyond the power of the court to render" and was void, because it "could continue the payment of alimony beyond the death of the plaintiff."[4] It should be noted that the circuit judge who tried the divorce suit had died in the meantime and that the nunc pro tunc entry was by a successor judge.

The initial question is whether the original judgment should have been "corrected" nunc pro tunc. Stated in the simplest terms, the purpose and function of a nunc pro tunc entry, which may be made only to correct a clerical mistake or misprision of the clerk,[5] is to make the record speak the truth;[6] and, since the principal reason for such correction is the furtherance of justice,[7] well-considered cases admonish that the inherent power to correct nunc pro tunc should be exercised with caution and circumspection that it may not become a vehicle of irreparable wrong or grievous oppression.[8] As is usually true, the judgment in the instant case was not entered in the precise language of the judge's minutes, which were mere record evidence of what had been adjudged,[9] but we are satisfied that the judgment entered by the clerk was the judgment directed by the court. In so concluding, we need not rely upon the strong presumption to that effect,[10] but we accept (for the purposes of this opinion) *the frank statement of plaintiff's counsel that there is no substantial or material difference in meaning or effect between the original judgment and the "corrected" judgment.* It thus being apparent that the judgment was not inconsistent with or contradictory of the judge's minutes [compare Raymond v. Love, 192 Mo. App. 396, 402–405, 180 S.W. 1054, 1056–1057; Kreisel v. Snavely, 135 Mo.App. 155,

4. Smethers v. Smethers, Mo.App., 263 S.W.2d 60; Edmondson v. Edmondson, Mo.App., 242 S.W.2d 730, 735(7). See also North v. North, 339 Mo. 1226, 1232, 100 S.W.2d 582, 585(7), 109 A.L.R. 1061; Bishop v. Bishop, Mo.App., 151 S.W.2d 553, 556(2).

5. Wiggins v. Perry, 343 Mo. 40, 48, 119 S.W.2d 839, 842, 126 A.L.R. 949; State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 394, 51 S.W.2d 22, 25; Clancy v. Herman C. G. Luyties Realty Co., 321 Mo. 282, 285, 10 S.W.2d 914, 915; Haycraft v. Haycraft, Mo.App., 141 S.W.2d 170, 171; Thompson v. Baer, Mo.App., 139 S.W.2d 1080, 1083(4).

6. Cross v. Greenaway, 347 Mo. 1103, 1107, 152 S.W.2d 43, 45; 49 C.J.S. Judgments § 117, p. 246; 30A Am.Jur., Judgments, § 596, p. 581. See also City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 1032, 204 S.W.2d 726, 729(5); Cordes v. Femmer, Mo.App., 289 S.W. 13, 15(3).

7. 30A Am.Jur., Judgments, § 596, p. 581; 49 C.J.S. Judgments § 118a, loc. cit. 249. Consult also Stimson v. Cathedral Mining & Smelting Co., 264 Mo. 190, 206, 174

S.W. 420, 424; Hyde v. Curling, 10 Mo. 359, 363; Shepard v. Tinsley, 149 Mo. App. 428, 430, 129 S.W. 1049.

8. Luedde v. Luedde, 240 Mo.App. 69, 76, 211 S.W.2d 513, 516; Pulitzer Pub. Co. v. Allen, 134 Mo.App. 229, 232, 113 S.W. 1159, 1160; 30A Am.Jur., Judgments, § 597, p. 581. See again Hyde v. Curling, supra, 10 Mo. loc. cit. 363; Shepard v. Tinsley, supra; 49 C.J.S. Judgments § 118a, loc. cit. 249.

9. Raymond v. Love, 192 Mo.App. 396, 403, 180 S.W. 1054, 1056–1057; Kreisel v. Snavely, 135 Mo.App. 155, 159, 115 S.W. 1059, 1061. See State ex rel. Sheridan Pub. Co. v. Goodrich, 159 Mo.App. 422, 425, 140 S.W. 629, 630–631.

10. Schulte v. Schulte, Mo., 140 S.W.2d 51, 53(2); Stimson v. Cathedral Mining & Smelting Co., supra, 264 Mo. loc. cit. 204, 174 S.W. loc. cit. 423(2); Williams v. Sands, Mo., 187 S.W. 1188, 1189; Kreisel v. Snavely, supra, 135 Mo.App. loc. cit. 158, 115 S.W. loc. cit 1060; Sections 476.040 and 483.140, RSMo 1949, 27 V.A. M.S.

159, 115 S.W. 1059, 1061], it should be construed and treated as in harmony with such minutes [In re Fulsome's Estate, Mo.App., 193 S.W. 618, 621]; and, with the original judgment admittedly speaking the truth, there was no clerical mistake or misprision of the clerk and the "correction" nunc pro tunc was both unnecessary and unauthorized. Consult J. J. Newberry Co. v. Baker, 239 Mo.App. 1130, 1136, 205 S.W.2d 935, 938; Monk v. Wabash R. Co., 166 Mo.App. 692, 708, 150 S.W. 1083, 1087, 1088–1089.

■ However, plaintiff's bold assertion that, "with or without the nunc pro tunc order * * *, the judgment rendered in reference to alimony was void absolutely," confronts us with the necessity of determining whether the original judgment purported to impose an obligation to make alimony payments which would or might continue after plaintiff's death.[11] *If so,* the judgment was void as beyond and without the court's jurisdiction,[12] and the execution for delinquent alimony payments properly was quashed because a void judgment for alimony will not support an execution. Carl v. Carl, Mo.App., 284 S.W.2d 41, 44; Edmondson v. Edmondson, Mo.App., 242 S.W.2d 730, 736. Our problem thus becomes one of construction of the original judgment, in consonance with basic and accepted principles. A judgment should be construed " 'in light of the situation of the court, what was before it, and the accompanying circumstances' " [McDougal v. McDougal, Mo.App., 279 S.W.2d 731, 739 (26); 49 C.J.S. Judgments § 436a, loc. cit. 867], and its meaning should be determined in the light of the character and object of the proceeding culminating in the judgment. Nolker v. Nolker, Mo.App., 226 S.W. 304, 307(3); Clark v. Fighting Wolf Mining Co., Mo.App., 209 S.W. 307, 308. We should examine and consider the judgment in its entirety,[13] and we should be concerned with the "sense," rather than the "abstract force," of the language employed.[14] It may be presumed that the court intended to render a valid, not a void, judgment;[15] and, where it is reasonably possible to do so, such construction should be adopted as will give force and effect to the judgment, will make it serviceable instead of useless, and will support rather than destroy it.[16]

■ The judgment under consideration clearly and specifically provided for alimony payments of $1,000 on April 1, 1954, $350 per month for the next eighteen months, and $250 per month thereafter. *If* the "except" clause (i. e., "except that all alimony herein adjudged and decreed in

11. Both parties *now* agree that the judgment constituted an award of alimony and *not* judicial approval of a contractual obligation imposed under a written contract settling all property rights. At one stage of the litigation, plaintiff asserted that the award for defendant's support and maintenance "was the result of contract between the parties" and that, therefore, it was not subject to modification. See Jeans v. Jeans, supra, 300 S.W.2d loc. cit. 871.

12. See cases cited in footnote 4, supra.

13. Lodahl v. Papenberg, Mo., 277 S.W.2d 548, 551(6); State ex rel. Anderson Motor Service Co. v. Public Service Commission, 234 Mo.App. 470, 483, 134 S.W.2d 1069, 1075(7), opinion adopted 348 Mo. 613, 154 S.W.2d 777; 49 C.J.S. Judgments § 436a, loc. cit. 863; 21 C.J.S. Courts § 237, loc. cit. 444.

14. Tutt v. Fighting Wolf Mining Co., Mo. App., 209 S.W. 304, 306(2). See also State ex rel. Anderson Motor Service Co. v. Public Service Commission, supra, 234 Mo.App. loc. cit. 483, 134 S.W.2d loc. cit. 1076(10); Keiser v. Wiedmer, Mo.App., 283 S.W.2d 914, 919(11).

15. Freeman on Judgments (5th Ed.), Vol. 1, § 76, loc. cit. 133. Compare Rolla Special Road Dist. of Phelps County v. Phelps County, 342 Mo. 459, 464, 116 S.W.2d 61, 64; Whittier v. Whittier, 237 Iowa 655, 23 N.W.2d 435, 441.

16. McDougal v. McDougal, Mo.App., 279 S.W.2d 731, 739(27); Sanders v. Sheets, Mo.App., 287 S.W. 1069, 1072(7); 49 C.J.S. Judgments § 436a, loc. cit. 864, 866; 21 C.J.S. Courts § 237, loc. cit. 444; 30A Am.Jur., Judgments, § 69, loc. cit. 213. See again Rolla Special Road Dist. of Phelps County v. Phelps County, supra, 116 S.W.2d loc. cit. 64.

favor of the defendant shall cease upon her death or remarriage") had *not* been appended, manifestly the alimony judgment, although subject to modification upon proper application and factual showing [Section 452.070, RSMo 1949, V.A.M.S.], would have been impregnable to any such assault as that mounted by plaintiff here. The *death* of either party would have terminated plaintiff's obligation for the payment of alimony under such judgment *without the "except" clause* [North v. North, 339 Mo. 1226, 1232, 100 S.W.2d 582, 585(7), 109 A.L.R. 1061; Bishop v. Bishop, Mo. App., 151 S.W.2d 553, 556(2)]; but *defendant's remarriage,* although affording good ground for a motion to modify the judgment, would *not* have terminated plaintiff's said obligation unless and until an order of court to that effect had been entered. Nelson v. Nelson (banc) 282 Mo. 412, 418, 221 S.W. 1066, 1068(4). See also Schneider v. Schneider, Mo.App., 273 S.W. 1081, 1084(4). So addition of the "except" clause actually served no purpose other than that *(beneficial to plaintiff)* of providing for *automatic* and *immediate* termination of plaintiff's alimony obligation in the event of defendant's remarriage—an end now accomplished by recent statutory enactment. Laws of 1957, p. 390 V.A.M.S. § 452.075.

The judgment entered by the clerk was in the precise language of a "journal entry" obviously prepared by an attorney; and, although the draftsman remains unidentified here, we would not impugn his professional ethics and integrity (whoever he was and whomever he represented) by attributing to him a purpose or scheme to induce the entry of a void judgment. Indubitably, not only the scholarly circuit judge, who rendered the original judgment, but also interested counsel for both parties contemplated and intended the entry of a valid judgment providing, among other things, for the payment of alimony in the amounts and on the dates particularized; and, it is just as indisputable that *all* interested counsel unquestionably construed the original judgment as valid and acted upon that belief for more than three years, until (as plaintiff's counsel again concede with refreshing candor) they discovered the Smethers opinion [263 S.W.2d 60] in 1957. Mindful that a practical construction adopted by the interested parties or in which they have acquiesced for an extended period of time should not be changed without strong and compelling reason,[17] we are persuaded that the "except" clause in the original judgment reasonably and fairly may be and should be construed as *a permissible and (from plaintiff's standpoint) desirable limitation and restriction* of a valid judgment obligation to pay alimony, rather than as *an affirmative but forbidden extension and expansion* of plaintiff's alimony obligation by purported imposition thereof in all events (upon not only plaintiff but also, should he die before defendant, upon his estate) to the time of defendant's death or remarriage. Compare Baer v. Baer, 364 Mo. 1214, 1220, *274 S.W.2d 298, 303.* Contrast Smethers v. Smethers, supra; Edmondson v. Edmondson, supra. With the force and effect of the judgment thus limited within the legitimate power of the circuit court [Clark v. Fighting Wolf Mining Co., supra, 209 S.W. loc. cit. 308], the judgment stands with unimpaired validity and it necessarily follows that the order quashing the execution for delinquent alimony payments was erroneous.

Our holding that the judgment was valid likewise disposes of plaintiff's primary contention as to defendant's mo-

17. McDougal v. McDougal, supra, 279 S.W.2d loc. cit. 739(26); Whittier v. Whittier, supra, 23 N.W.2d loc. cit. 441 (23); 49 C.J.S. Judgments § 436a, loc. cit. 867; 27 C.J.S. Divorce § 251c(2) (b), p. 1026; 30A Am.Jur., Judgments, § 70, p. 214; annotation 120 A.L.R. 868. Compare Burnside v. Wand, 170 Mo. 531, 544–545, 71 S.W. 337, 339, 62 L.R.A. 427; Owen v. City of Branson, Mo.App., 305 S.W.2d 492, 497–498.

tion for suit money and attorneys' fees, i. e., that such motion properly was overruled because the judgment was "void absolutely." Smethers v. Smethers, supra, 263 S.W.2d loc. cit. 62(6). By his motions for nunc pro tunc "correction" of the original judgment and for quashal of the execution for delinquent alimony payments, plaintiff purposed not only to deprive defendant of the fruit of her alimony judgment but also to cut down and destroy the judgment, itself. If defendant was not possessed individually of sufficient means to which she properly might have been required to resort and with which she might have conducted an adequate defense against plaintiff's motions [Price v. Price, Mo.App., 281 S.W.2d 307, 313(17); Graves v. Wooden, Mo.App., 291 S.W.2d 665, 671(12–14)], she was entitled to a reasonable allowance for suit money and attorneys' fees in the circuit court and her motion therefor should have been sustained. Weniger v. Weniger, Mo.App., 32 S.W.2d 775(2). On the inadequate record before us, any attempt to determine the propriety and amount of such allowance necessarily would be arbitrary [Simon v. Simon, Mo., 248 S.W.2d 560, 568], so those questions are reserved for decision by the trial court in the light of the principles stated in the Price and Graves cases, supra.

It is the judgment of this court that the orders of October 9, 1957, (a) sustaining plaintiff's motion for nunc pro tunc "correction" of the original judgment and entering a "corrected" judgment, (b) quashing the execution for delinquent alimony payments, and (c) overruling defendant's motion for suit money and attorneys' fees, be set aside and for naught held; and, that this cause be remanded to the circuit court for further proceedings not inconsistent herewith.

McDOWELL, J., concurs.

RUARK, J., not sitting.