**STATE of Missouri, Appellant,**

v.

**Bradley Paul SCHIEBER, Respondent.**

**No. WD 40641.**

Missouri Court of Appeals,
Western District.

Nov. 8, 1988.

David A. Baird, Pros. Atty., Maryville, for appellant.

Frank H. Strong, Jr., Maryville, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

LOWENSTEIN, Judge.

The respondent, Schieber, was charged with driving on the wrong side of the road and driving while intoxicated. He moved to suppress evidence of the level of his intoxication on the ground that there was no probable cause for the drunk driving arrest. His theory was there was no evidence of his having crossed the center line so the initial arrest was improper and resulted in lack of probable cause to later test his alcohol consumption. The sole issue on the appeal of the state concerns whether comments made by the judge at the suppression hearing that Schieber "may" have crossed the center of the roadway contradicts the trial court's ultimate decision granting Schieber's motion to suppress. The review of that decision is limited to whether the evidence submitted was sufficient to sustain the court's finding. *State v. Rainbolt,* 676 S.W.2d 527 (Mo.App. 1984).

Schieber was pulled over by two members of the Nodaway County Sheriff's Department who testified that in the early morning hours of December 19, 1987 they observed a vehicle cross over onto the wrong side of a roadway on several occasions. The officers stopped the vehicle, issued a ticket for driving on the wrong side, and thinking he was intoxicated tested the driver, Schieber, for alcohol consumption.

Schieber filed a Motion to Suppress Evidence alleging his search and seizure was made "without warrant, without probable cause and without lawful authority." The court concluded the motion to suppress should be granted because the officers did not have probable cause for the stop. Within the context of a drunk driving charge probable cause exists where the officer observes a traffic violation or unusual operation of a vehicle and upon stopping the motorist indications of alcohol consumption are noted. *Schranz v. Director of Revenue,* 703 S.W.2d 912, 913 (Mo.App.1986).

Under § 542.296(6), RSMo 1986, the burden rests on the state to prove by a preponderance of the evidence that a motion to suppress should be overruled. The state put on testimony of the two officers as to what they observed just prior to stopping Schieber. During most of the time the officers observed Schieber's vehicle it was from a distance, and there was another vehicle obstructing their view. The officers testified that more than half of Schieber's vehicle had crossed the center of the roadway on several occasions so they had the driver pull over the car to issue a ticket.

The vehicle that obstructed the officers' view was driven by Stacy Sherlock, a long time friend of Schieber. Another close friend of Schieber, Todd Wilmarth, was a passenger in the Sherlock automobile. Apparently Schieber, Wilmarth, Sherlock and Hinkley (a passenger in Schieber's car) were at a party prior to the incident in question. After the party, the four decided to drive back to Schieber's house. Schieber drove the lead vehicle. One of the officers noticed two sets of vehicle headlights coming side by side down a narrow roadway. He told his fellow officer to turn around and follow the vehicles. By the time the officers caught up to the vehicles they were stopped at a stop sign. The parties let the police car pass them by. The officers decided to go around the block and then catch up to the vehicles. The officers' maneuver did not fool anyone. After a certain distance Sherlock, feeling uncomfortable about being followed by the police, decided to turn off the roadway and take a different route to Schieber's home. Soon thereafter Schieber was pulled over. The officers did not claim to see anything wrong with Schieber's driving at anytime after Sherlock's vehicle turned off the roadway.

The witnesses presented on behalf of Schieber (Sherlock and Wilmarth) claimed that they never saw him cross over the center of the roadway, although Schieber and one other witness said it was possible. There was no center stripe on any part of the roadway in question, and nothing else was claimed to be wrong with Schieber's driving other than the crossing of the center of the roadway.

This court, in reviewing the disposition of the defendant's motion to suppress, must defer to the trial court's superior opportunity to determine the credibility of the witnesses and the weight of the evidence. *State v. Beck,* 687 S.W.2d 155 (Mo. banc 1985). As stated earlier, review is limited to whether the evidence was sufficient to sustain the lower court's findings.

■ The court obviously believed Schieber and his witnesses about not having crossed the center of the roadway. The court's comment on the record to the effect that the respondent "may" have crossed the center of the roadway does not detract from the ruling for Schieber. The court did not, as the state proposes, find that Schieber violated the laws of Missouri. The judge's comment was not a findings of fact. Under these circumstances all fact issues will be deemed found in accordance with the result reached and the ruling on the motion to suppress will be affirmed.

■ In any event, a judgment should be construed in light of the situation before the court and its meaning should be determined in light of the character and object of the proceeding. *Jeans v. Jeans,* 314 S.W.2d 922, 925 (Mo.App.1958). "It may be presumed that the court intended to render a valid, not a void judgment; and, where it is reasonably possible to do so, such construction should be adopted as will give force and effect to the judgment, will make it serviceable instead of useless, and will support rather than destroy it." *Id.* (footnotes omitted).

The judgment is affirmed.