LINCOLN A. LOWE, Appellant, v. JOHN W. FREDE.

**Division Two, May 26, 1914.**

1. **APPEAL: From Order Overruling Motion for New Trial: Not Allowable.** The statutes do not authorize the granting of an appeal from an order overruling a motion for a new trial. They contemplate that the movent will wait until a final judgment is entered upon the verdict returned by the jury, and take his appeal from that judgment.

2. ————: **Recitals of Record.** Where the record, as set forth in appellant's abstract, recites that the appellant prayed and the court allowed him "an appeal from the ruling of the court on said motion for a new trial," and no judgment of any kind is abstracted, and the accuracy of the said recital is admitted by respondent, the court will not examine the complete transcript of the record proper to ascertain if a judgment was in fact entered from which an appeal will lie, but will dismiss the appeal, since no appeal lies merely from an order overruling a motion for a new trial.

Appeal from Atchison Circuit Court.—*Hon. William C. Ellison*, Judge.

APPEAL DISMISSED.

*H. B. Williams, L. J. Miles* and *John W. Stokes* for appellant.

*L. D. Ramsay* for respondent.

The correctness of appellant's abstract is not challenged and in such cases the court will accept it as correct and look to it alone for the record of the case. When there is no counter-showing made, the court is bound by the recital of the appellant's abstract. Ricketts v. Hart, 73 Mo. App. 648. This abstract shows no judgment in the case, and the appeal is from the order of the court overruling the motion for a new trial,

as is stated at the beginning of his statement. Our statute, Sec. 806, R. S. 1899, says one cannot appeal unless judgment is rendered. You may appeal from an order granting a new trial, because the statute says so, but it does not say you may appeal from an order overruling the motion, and that section of the statute enumerates all our rights and excludes all not so enumerated. With no judgment, appeal should be dismissed. Herrmann v. Daily, 74 Mo. App. 505.

BROWN, J.—Suit for personal injuries resulting from assault and battery.

This action was transferred to this court by the Kansas City Court of Appeals because the amount in issue exceeds $7,500.

The appeal is somewhat unusual. In his printed abstract of the record appellant describes it as follows:

"This is an appeal from the ruling from the circuit court overruling a motion for a new trial. In the court below the defendant obtained a verdict."

A careful inspection of the abstract of the record shows that the cause was tried by a jury in the circuit court of Atchison county, which jury, on May 29, 1909, returned into court the following verdict: "We the jury find for defendant. W. H. Wright, Foreman."

On said May 29, 1909, the plaintiff filed a motion for new trial, which motion for new trial was continued to the next regular term of the circuit court.

On the 2nd day of October, 1909, said court, having again convened in regular session, the following orders were entered of record:

"Now comes both parties herein, and by their respective attorneys, and by agreement of parties, plaintiff's motion for a new trial coming on to be heard, and the court being now fully advised in the premises, overrules said motion. To the action of the court in overruling plaintiff's motion for a new trial

258 Mo.—14

plaintiff then and there and at the time excepted and still excepts.

"Comes now plaintiff, by his attorneys, and files his affidavit in appeal, and prays an appeal hereof *from the ruling of the court on said motion for a new trial* to the Kansas City Court of Appeals, at Kansas City, Missouri, which appeal is allowed by the court." (The italics are ours.)

I.    The respondent concedes that the appellant's printed abstract is correct, but calls attention to the fact that no appeal lies from an order of the circuit court overruling a motion for new trial.

**Appeal: From Order Overruling Motion for New Trial.**

Our Code, section 2038, Revised Statutes 1909, does authorize an appeal from an order of a circuit court granting a new trial, or an order arresting a judgment, but there seems to be no warrant in law for granting an appeal from an order overruling a motion for new trial. The law certainly contemplates that the party against whom a verdict is returned shall wait until a final judgment is entered on such verdict before taking his appeal. In the absence of an express statute no appeal lies from the ruling of courts on motions. [State ex rel. Shackleford v. McElhinney, 241 Mo. 592, l. c. 608.] There is on file what purports to be a complete transcript of the record proper and bill of exceptions in this case, but it would be useless for us to examine that document to ascertain if a judgment was in fact entered from which an appeal would lie.

Without reciting that a final judgment was entered, and without abstracting a judgment of any kind, appellant has assured us that his appeal is from the order of the court overruling his motion for new trial. This fact is also recited in the order of the court granting the appeal, as copied into appellant's printed abstract (and hereinbefore set out), the accuracy of which

abstract respondent admits, and its verity is attested by the signatures and professional integrity of the attorneys for plaintiff.

We are not cited to, nor have we been able to find, any law authorizing the granting of such an appeal. [Dale v. Copple, 53 Mo. 321; State ex rel. v. Turner, 113 Mo. App. 53; Herrmann v. Daily, 74 Mo. App. 505; Freeman v. McCrite, 165 Mo. App. 1; Voorhis v. Western Union Building & Loan Assn., 59 Mo. App. 55; Rock Island Implement Co. v. Marr, 168 Mo. 252.]

Being fully convinced that this appeal was improvidently granted the same will be dismissed. It is so ordered.

*Walker, P. J.,* and *Faris, J.,* concur.