H. H. LAUMEIER, Appellant, v. AGNES SAMMEL-MANN, CHARLES SAMMELMANN, and OLIVER SAMMELMANN, alias OLLIE SAMMELMANN, and MOONSHINERS NOS. 1, 2, 3, 4, 5, and 6, Defendants; AGNES SAMMELMANN and CHARLES SAMMELMANN, Respondents.*

St. Louis Court of Appeals.    Opinion Filed December 8, 1925.

1. **INJUNCTIONS: Bonds: Motion to Assess Damages: Independent Action.** A proceeding on motion to assess damages on an injunction bond is something more than a mere after-judgment proceeding in the same cause and is in the nature of an independent action on an injunction bond, ingrafted on the injunction suit for the sake of expedition.

2. ———: ———: ———: **Appeals: Motion for New Trial: Necessary to Bring Up Matters of Exception for Review.** In a proceeding for the assessment of damages on an injunction bond, a motion for a new trial is necessary to bring up matters of exception for review, and, in the absence of such motion, nothing but the record proper may be considered on appeal.

3. ———: ———: ———: **Sufficiency of Motion to State Cause of Action.** Motions for the assessment of damages on an injunction bond *held* to state facts sufficient to constitute a cause of action, especial-

Laumeier v. Sammelmann.

ly where the motions were not attacked in any manner in the court below and are assailed for the first time in the appellate court.

4. ———: ———: ———: Evidence: Defendant Moving to Assess Damages on Injunction Bond: Party to Temporary Restraining Order. The style of the case as it appears in the caption of all the record entries in an injunction suit being the same as in the caption of the restraining order, *held* conclusively to establish that a defendant, moving for the assessment of damages on the injunction bond, was a party to the temporary restraining order.

5. ———: ———: ———: Restraining Order: Record Entry: Controls As to Parties Restrained and Entitled to Damages on Bond. Where the petition was filed and a restraining order made in term time, the order entered of record controls in determining the parties restrained and entitled to damages on the injunction bond and not that signed by the judge and filed in the cause.

6. APPELLATE PRACTICE: Injunctions: Certificate of Circuit Clerk Impeaching Record: Filed in Appellate Court: Records Cannot Thus Be Falsified. Where the record entries showed that a person was a party defendant in a cause, the clerk of the circuit court would not be permitted to falsify the record by filing a certificate in the appellate court stating at the time of the filing of the injunction suit the name of the party was inadvertently put in the record as one of the defendants and that thereafter the style of the suit was continued as such on the record.

7. INJUNCTIONS: Restraining Order: Dissolution: Assessment of Damages on Bond: Defendants Entitled to Recover Attorneys Fees and Other Expenses. In a proceeding for the assessment of damages on an injunction bond defendants *held* entitled to recover for services of attorneys, loss of time and expenditures made in getting rid of the temporary injunction, dissolved as to one defendant on preliminary hearing, and as to the other on final hearing.

---

*Headnotes 1. Injunctions, 32 C. J., Section 756 (Anno); 2. Appeal and Error, 3 C. J., Section 905; 3. Injunctions, 32 C. J., Section 759 (Anno); 4. Injunctions, 32 C. J., Section 762 (Anno); 5. Injunctions, 32 C. J., Section 748 (Anno); 6. Appeal and Error, 4 C. J., Section 2287;

Appeal from the Circuit Court of St. Charles County.— *Hon. Edgar B. Woolfolk,* Judge.

AFFIRMED.

*Laughlin, Frumberg, Blodgett & Russell* for appellant.

(1) A temporary restraining order expires by limitation of its own terms, and counsel fees and expenses of litigation cannot be allowed as damages on a bond given to procure such order, when the restraining order is not dissolved by the procurement of the defendants but expires by reason of its own limitations. 1 High on Injunctions (4 Ed.) 3; 1 Joyce on Injunctions, sec. 111; 32 C. J. 28; 14 R. C. L. 306; 2 High on Injunctions (4 Ed.), sec. 1692; Kittle v. DeLamater, 7 Nebr. 70; White Pine Lumber Co. v. Aetna Indemnity Co., 42 Wash. 569; Houghton v. Cortelyou, 208 U. S. 149, 52 L. Ed. 432. (2) Counsel fees and expenses of litigation cannot be allowed unless the legal services were rendered in procuring a dissolution of the injunction. Buford v. Packet Co., 3 Mo. App. 159; Neiser v. Thomas, 46 Mo. App. 47. (3) Damages cannot be assessed when defendants are restrained from doing something they have no legal right to do. White Pine Lumber Co. v. Aetna Indemnity Co., 42 Wash. 569; Guthrie v. Beithan, 25 Idaho, 706; Parks v. O'Connor, 70 Tex. 377. (4) The obligations of the principal and surety in an injunction are joint as to all obligees, and no assessment of damages can be had on the motion of less than the whole number of obligees. Rainey v. Smiser, 28 Mo. 310; Dewey v. Casey, 60 Mo. 224; Henry v. Mt. Pleasant Township, 70 Mo. 500; Ryan v. Riddle, 78 Mo. 521; Ohnsorg v. Turner, 33 Mo. App. 486; Jones v. Mastin, 60 Mo. App. 570; Slaughter v. Davenport, 151 Mo. 26.

*Emil P. Rosenberger* for respondents.

(1) An appellate court is not permitted to review matters of exception or touching the merits of the cause at the trial unless the matters were first brought to the attention of the trial court by a motion for a new trial. State v. Woodring, 135 Mo. App. 652, 116 S. W. 449; State

v. Burdett, 145 Mo. 674, 47 S. W. 796; Perringer v. Un-
known Heirs of Raub, 254 S. W. 703. (2) (a) Where
a motion for a new trial is not filed within four days after
rendition of verdict or judgment no matters of exception
are open to review in this court. Sec. 1456, R. S. 1919;
St. Joseph v. Robinson, 125 Mo. 1, 28 S. W. 166; Long v.
Hawkins, 178 Mo. 103, 77 S. W. 77. (b) Where the
abstract of the record fails to show that the motion for a
new trial was filed within four days after trial, review
will be limited to the record proper, and if the record
proper is free from error judgment must be affirmed.
Hall v. Hall et al., 194 S. W. 260; Tracy v. Tracy, 201
S. W. 903; Pennewell v. Pennewell, 204 S. W. 183. (3)
The place for statement of the filing of a motion for a
new trial is in the record proper, and where a recital
therein is contradicted by that in the bill of exceptions
the latter must give way. Jones v. Marblehead Lime Co.,
128 Mo. App. 345, 107 S. W. 420; Loyd v. Grady, 180 S.
W. 1032; Newell, Public Admr., v. Edom, 242 S. W. 901.
(4) Damages are allowable not only to the party en-
joined, but to anyone interested in the subject-matter.
R. S. 1919, sec. 1957; Helmkamp v. Wood, 85 Mo. App.
227. (5) "Temporary restraining order" and "tem-
porary injunction" mean the same. Akin v. Rice, 137
Mo. App. 147, 117 S. W. 655. (6) Where two motions
for assessment of damages on an injunction bond are
filed by different defendants at different times both
should be heard at one time and treated as one motion.
Gast Bank Note & Lithographing Co. v. Fennimore Ass'n,
79 Mo. App. 612. (7) The evident intention of section
1957, Revised Statutes 1919, is to extend the operation
of the bond so as to protect all parties interested in the
subject-matter enjoined against damages growing out
of the injunction, and this section necessarily confers on
anyone so injured a separate or independent right to
seek redress on the bond. Helmkamp v. Wood, 85 Mo.
App. 227; Albers Com. Co. v. Spencer, 139 S. W. 321,
236 Mo. 645; Albers Com. Co. v. Spencer, 183 Mo. App.
662, 167 S. W. 1056. (8) Damages recoverable on an

injunction bond include all expenses incurred by defendants, including payment of, or incurring liability for, attorney's fees in getting rid of the injunction.

SUTTON, C.—This is a proceeding, instituted in the circuit court of St. Charles county, for the assessment of damages on an injunction bond. The proceeding was instituted by two motions filed in the injunction suit. One of these motions was filed by respondent Agnes Sammelmann alone, and the other by both respondents jointly. The motion of Agnes Sammelmann was filed November 26, at the October term, 1923, and the joint motion of both respondents was filed March 21, at the February term, 1924. The motions were consolidated and tried together as one motion.

The motions allege in substance that on the 2nd day of November, 1923, said court, on plaintiff's application, granted and issued in said cause a temporary restraining order against defendants Agnes Sammelmann and Charles Sammelmann, as well as the other defendants named in said suit, restraining and enjoining said defendants from committing and continuing certain alleged acts fully set forth in said temporary restraining order; that the said temporary restraining order was conditioned that the plaintiff execute and file an injunction bond in the penal sum of five hundred dollars with the clerk of said court conditioned as by law required; that the plaintiff did execute such bond which was duly approved by said court, said bond having been executed by the plaintiff and by Ben H. Emmons as surety; that after said temporary restraining order had been issued a preliminary hearing was had by said court on the 26th day of November, 1923, to determine whether said temporary restraining order should be dissolved or continued in effect, and that upon such preliminary hearing said temporary injunction or restraining order was dissolved as to the defendant Agnes Sammelmann, but was not dissolved as to the defendant Charles Sammelmann,

but was ordered continued in effect pending a final hearing.

In addition to these allegations of the motions, the motion of Agnes Sammelmann alleges that by reason of the issuance of the temporary restraining order, or temporary injunction, it became necessary for her to consult with and employ attorneys to represent her at said hearing, and that she was put to a large expense in employing attorneys to defend and represent her; that she has paid, and has become obligated to pay, her attorneys for representing her in said causé and matter and at said hearing, the sum of two hundred and fifty dollars for which plaintiff and the surety, Ben H. Emmons, are liable to her under the terms and conditions of the aforesaid injunction bond. And the joint motion of Agnes Sammelmann and Charles Sammelmann alleges that at the March term, 1924, of said court, a final hearing was had and upon said hearing said temporary injunction theretofore issued was dissolved as to all of the defendants except Oliver Sammelmann; that defendants Agnes Sammelmann and Charles Sammelmann have paid out and incurred liabilities for attorney fees in the sum of seven hundred dollars for legal services rendered them by attorneys and that the services of said attorneys were necessary in the defense of said defendants, and that the charges made by said attorneys are reasonable; that in addition thereto defendants lost much valuable time in the defense of said suit, to their damage in the sum of two hundred dollars; and that they paid out the sum of fifty dollars for other designated expenses necessary in order to properly make their defense.

On June 23, at the May term of said court, 1924, trial was had upon said motions before the court, without a jury, and at the conclusion of the testimony therein the matter was taken under advisement, and on July 30, at said May term of said court, the court rendered judgment in favor of respondents and against appellant upon said motions, which said judgment, omitting caption, is as follows:

"And now on this July 30, 1924, again come the parties hereto, the plaintiff and the defendants Agnes Sammelmann and Charles Sammelmann, by their attorneys, and the court having heretofore heard evidence and taken under advisement as submitted, the motion of defendant Agnes Sammelmann filed on November 26, 1923, for the assessment of damages on the injunction bond, and the motion of the defendants Agnes Sammelmann and Charles Sammelmann filed March 21, 1924, for the assessment of damages on the injunction bond, and the evidence on both motions having been heard at the time, and said motions having been at the time of the hearing by the court consolidated and treated as one motion, the court doth now announce its finding in favor of the defendants and against the plaintiff on the injunction bond given, and the court makes an allowance to the defendants Agnes Sammelmann and Charles Sammelmann for their attorney fee in the sum of two hundred and fifty dollars, and a further sum of seventy-five dollars for their loss of time and reasonable expenses connected with the hearing of the temporary restraining order.

"Wherefore, it is ordered adjudged and decreed by the court that the defendants' damages on the injunction bond given by the plaintiff herein be assessed at the sum of $325, and judgment is accordingly rendered against plaintiff H. H. Laumeier and in defendants' favor in the sum of $325, and it is ordered that the costs of this hearing be taxed against the plaintiff."

From this judgment the plaintiff appeals.

No motion for a new trial was filed by appellant within four days after the rendition of the judgment. Such a motion was filed on August 8, 1924, nine days after the rendition of the judgment, and was afterwards overruled by the court. Respondents contend that since no motion for a new trial was filed within the time required by law, therefore nothing but the record proper may be considered on this appeal; whereas appellant

contends that no motion for a new trial was necessary to bring up matters of exception for review.

In support of his contention appellant relies upon the well settled rule announced by our Supreme Court in City of St. Louis v. Brooks, 107 Mo. 380, 18 S. W. 22, as follows:

"For all the purposes of a review in this court, the rulings of the trial court on motions made after final judgment stand on a different footing from those made during the progress of the cause. This court will review the action of the lower court on a motion to quash an execution, to pay over money on execution, to set aside a judgment for irregularity, to set aside an execution sale, and the like, though there is no motion for a rehearing or new trial."

The proceeding on a motion of the character instanced in that case is a mere further proceeding after judgment in the same cause, relating to and affecting the judgment, or the control of the process issued thereon for its enforcement. But the proceeding on motion to assess damages on an injunction bond is something more than a mere after judgment proceeding in the same cause. It is in the nature of an independent action on the injunction bond engrafted on the injunction suit for the sake of expedition. In such proceeding the same issues may be made and tried as in a suit on the injunction bond. The obligors may plead payment, or a release, or any other defense that might be pleaded in an independent suit on the bond. The proceeding has practically all the characteristics of an independent action on the bond, and may culminate in a final judgment against one or more of the obligors for the amount of the damages assessed and costs, upon which execution may issue as in case of a judgment rendered in an independent suit. We can see no more reason why the motion for a new trial should be dispensed with in such a case than in the case of a trial upon the issues made in an independent action on the bond.

This view is supported by the expressions of our Supreme Court in Joplin & Western Ry. Co. v. Kansas City, Ft. Scott and Memphis R. Co., 135 Mo. 549, l. c. 554, 37 S. W. 540, as follows:

"The statute, failing to prescribe the course of procedure, should be given a practical construction. This can only be done effectively by separating the proceeding for injunction from that for damages, and making the proceedings for the recovery of damages independent of the injunction suit. The provision of the statute for the assessment of damages takes the place of a suit on the bond."

Our view also finds support, we think, in Erskine v. Loewenstein, 82 Mo. 301, l. c. 305, which was a proceeding by motion of the plaintiff against a stockholder of a corporation, after judgment in favor of plaintiff against the corporation, to realize on his judgment. In that case respondent objected to the consideration by the court of an imputed error of the trial court, for the reason that the bill of exceptions did not show that the plaintiff excepted at the time to the action of the court in overruling the motion, and thereupon the court said:

"We think this is a misapplication of the rule invoked by respondent. That rule applies to motions such as are incidental to the trial of the principal proceeding, and not to a case like this where the motion is the principal proceeding, the foundation of the litigation. This motion takes the place, under the statutory provision, of the suit in equity, at common law, to reach assets in the hands of the stockholder; and, to a certain extent, should be treated as a petition. The refusal of the court to grant the motion is a finding of the issue for the defendant. The remedy for the error of the court in making such finding is by motion for new trial and exception, at the time, to the action of the court in overruling this motion, as was done in this case."

We are further confirmed in our view by the fact that the learned counsel on both sides of this case agree that

the motions for assessment of damages on the injunction
bond are in the nature of petitions and are to be re-
garded as record proper in the case upon this appeal,
and that no exception to the judgment of the court there-
on, or motion for a new trial, was necessary to preserve
for review here errors appearing on the face of the mo-
tions or the judgment.

But the appellant insists that the motions do not
state facts sufficient to constitute a cause of action. It
is urged that the motions are fatally defective because
they fail to allege (a) that respondents were restrained
from the exercise of any legal right; (b) that respond-
ents did anything to rid themselves of the restraint; (c)
that respondents were damaged because of the issuance
of the order; (d) that there was any breach of the con-
dition of the bond; (e) that respondents incurred any
expense in connection with the order.

It is also urged in support of the insistence that the
petition fails to state a cause of action, that the obli-
gations of the principal and surety on an injunction
bond are joint as to all obligees, and that no assessment
of damages can be had on the motion of less than the
whole number of the obligees, and that in this case only
a part of the obligees joined in the motions.

The motions were not attacked in any manner in
the court below, so far as the record before us shows.
They are assailed for the first time in this court.

In view of the decisions in this State, it is clear with-
out discussion that the objections made here to the suffi
ciency of the motions must be ruled against the appel-
lant. [Albers Commission Co. v. Spencer, 236 Mo. 608,
l. c. 642, 645, 139 S. W. 321; Kern v. United Railways
Co., 214 Mo. App. 232, l. c. 237, 259 S. W. 821, and cases
there cited; Holloway v. Holloway, 103 Mo. 274, l. c.
285, 15 S. W. 536; Hammerslough v. Kansas City Build-
ing, Loan and Savings Ass'n., 79 Mo. 80, l. c. 87; Akin
v. Rice, 137 Mo. App. 147, 117 S. W. 655; Pomeroy v.
Fullerton, 113 Mo. 440, l. c. 453, 21 S. W. 19; Peake v.

Bell, 65 Mo. 224; McManus v. Butler (Mo.), 213 S. W. 447.]

Appellant further contends that the defendant Agnes Sammelmann is not entitled to recover damages for the reason that she was not a party to the temporary restraining order. This contention is in direct contravention of the express averments of the motions, and if the petition and record entries in the injunction suit are to be regarded as record proper in this proceeding for the assessment of damages on the injunction bond, appellant is not helped thereby.

The style of the case as set forth in the caption of the temporary restraining order entered of record in the injunction suit is as follows: "H. H. Laumeier, Plaintiff, v. Agnes Sammelmann, et al., Defendants."

The style of the case as set forth in the caption of the petition in the injunction suit is as follows: "H. H. Laumeier, Plaintiff, v. Agnes Sammelmann, Charles Sammelmann, alias Ollie Sammelmann, and Moonshiners Nos. 1, 2, 3, 4, 5 and 6, Defendants."

The temporary restraining order recites that it appears by the petition that plaintiff is entitled to the relief demanded therein, and enjoins "the defendants" from committing certain trespasses fully set forth in the order. The petition specifically charges Agnes Sammelmann *eo nomine,* along with the other defendants, with committing and threatening to commit certain unlawful trespasses therein designated, and prays for a temporary restraining order and injunction, and also for a perpetual injunction, restraining "the defendants" from the commission of the trespasses alleged. The unlawful trespasses charged against the defendants in the petition are the same as the trespasses restrained by the temporary restraining order.

The style of the case as it appears in the caption of all of the record entries in the injunction suit, is the same as in the caption of the restraining order, to-wit:

"H. H. Laumeier, Plaintiff, v. Agnes Sammelmann, et al., Defendants."

What purports to be a temporary restraining order signed by the judge of the court appears to have been filed in the cause on November 2, 1923. The style of the case as set forth in the caption of this so-called temporary restraining order is as follows: "H. H. Laumeier, Plaintiff, v. Charles Sammelmann and Oliver Sammelmann, alias Ollie Sammelmann, and Moonshiners Nos. 1, 2, 3, 4, 5, and 6, Defendants." The body of this so-called restraining order is in all respects identical with the body of the restraining order entered of record in the cause. The petition was filed and the restraining order was made in term time. In such case the court must speak by its record and not by a paper signed by the judge and filed in the cause. The restraining order as entered of record, therefore, must control, and the so-called restraining order signed by the judge must be disregarded.

There has been filed here a certificate of the clerk of the circuit court stating that at the time of the filing of the injunction suit the name of Agnes Sammelmann was inadvertently put in the record as one of the defendants, and that thereafter the style of the suit was continued as such on the record. It is too plain for argument that the clerk may not be permitted to thus falsify, by his certificate, the solemn records of the court.

In this state of the record, it must be regarded as conclusively established that Agnes Sammelmann was a party to the temporary restraining order.

It seems that defendants, "Moonshiners Nos. 1, 2, 3, 4, 5, and 6," were never served, and the cause was dismissed as to them on March 7, 1924.

The appellant further urges that the respondents are not entitled to recover damages for the reason that the services of attorneys, loss of time, and expenses, alleged, were rendered and incurred in and about the preliminary hearing and in the defense of the suit on final

hearing, as shown by the motions. Appellant relies on the doctrine as announced in Albers Commission Co. v. Spencer, supra, as follows:

"It could not be soundly contended that services of counsel directed to resisting an application for a temporary injunction could be assessed as damages on the bond. The damages caused by the injunction must follow and cannot precede it. . . . 'The fees should be limited to services in procuring a dissolution in the court below, and should not include services upon an appeal after the dissolution of the injunction.' . . . Cases relating to partition, attachment, divorce and other suits where attorneys' fees are allowable on appeal, on due and timely application, are readily distinguishable in principle from injunction suits where the damages are assessed against bondsmen and where the terms and objects of the bond, as interpreted by courts, guide and limit the range of damages as to counsel fees to the actual lifetime of the restraining order and to services in lifting that order by dissolving the injunction; thereby barring out fees for services in resisting the issue of the temporary writ, on the one hand, and fees for services in resisting the re-establishment of a dissolved and defunct injunction, on the other."

Clearly that is not this case. In this case a temporary restraining order or injunction was issued prior to the preliminary hearing, so that the damages caused by the injunction do not precede but follow it. There were no services rendered on appeal after dissolution of the injunction, and no claim is made for services of that character. There were no services rendered on behalf of Charles Sammelmann in resisting the re-establishment of a dissolved injunction, and no claim is made for any such character of services. There were services rendered for Agnes Sammelmann in resisting the re-establishment of the dissolved injunction, but it does not appear that any allowance was made therefor. The temporary restraining order did not expire by limitation of time on the day of the preliminary hearing. It continued in

force until it was dissolved by some order or action of the court having that effect. Upon the preliminary hearing the temporary injunction was dissolved as to defendant Agnes Sammelmann and continued in force as to defendant Charles Sammelmann until the final hearing, whereupon it was dissolved. The bond is required by law to be as broad as the temporary injunction and coextensive with its lifetime. It sufficiently appears that services were rendered, time lost, and expenditures made, on behalf of both defendants, in getting rid of the temporary injunction, and they were entitled to recover therefor. [Akin v. Rice, 137 Mo. App. 147, 117 S. W. 655; Hammerslough v. Kansas City Building, Loan and Savings Ass'n, 79 Mo. 80, l. c. 87; Holloway v. Holloway, 103 Mo. 274, l. c. 285, 15 S. W. 536.]

Other questions are presented, but they do not arise on the record proper, and are therefore not before us for review.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of Sutton, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker,* and *Nipper, JJ.,* concur.