STATE OF MISSOURI, AT THE RELATION OF ARTHUR C. HERMANN, DOING BUSINESS AS MOUND CITY PROVISION COMPANY, RELATOR, v. HONORABLE JAMES F. GREEN, JUDGE OF THE EIGHTH JUDICIAL CIRCUIT OF MISSOURI, RESPONDENT.—76 S. W. (2d) 432.

St. Louis Court of Appeals. Opinion filed December 4, 1934.

*Dunbar & Dubail* and *Bryan Wilson* for relator.

*Leon M. Feigenbaum, Robert L. Aronson* and *Edward Hupert* for respondent.

BENNICK, C.—This is an original proceeding in prohibition which comes on to be heard following the issuance of our preliminary rule directed to respondent, HON. JAMES F. GREEN, one of the judges of the Circuit Court of the City of St. Louis, and issued at the relation of Arthur C. Hermann, doing business as Mound City Provision Company, who was the plaintiff in an injunction suit brought in the circuit court and assigned to the division over which respondent now presides.

Briefly stated, the point at issue in this proceeding is whether respondent has the power and jurisdiction to hear and determine a motion to assess damages on the injunction bond, the temporary injunction having been dissolved, pending the determination of the case proper which is now awaiting review in this court on writ of error sued out by relator as the plaintiff in error therein.

It appears that the purpose of the injunction suit was to have the defendants restrained from the prosecution of an action for rent and possession which they had instituted against relator in a justice's court in the city of St. Louis. A temporary restraining order was issued as prayed upon the execution by relator of an injunction bond conditioned as required by statute (Sec. 1507, R. S. 1929; Mo. St. Ann., sec. 1507, p. 1663). The suit was thereafter heard on its merits, resulting, among other things, in the entry of a decree dissolving the temporary injunction and denying injunctive relief to relator.

Following the entry of final judgment, and within the same term,

the defendants filed their motion to assess damages on the injunction bond. No appeal was taken by relator, but for various reasons action on the motion was deferred from time to time until a writ of error was sued out of this court by relator, but without *supersedeas* being given. Return to such writ of error has been made, but the same appears now to be pending undisposed of on the motion of the plaintiff in error, the relator herein, to fix the amount of the *supersedeas* bond.

Immediately upon the issuance of the writ of error out of this court relator filed with respondent his motion or plea in abatement as against defendants' pending motion to assess damages on the injunction bond, directing respondent's attention to the fact of the issuance of the writ of error, and praying that action upon defendants' said motion be stayed until the determination of the writ of error, upon the ground that respondent was without power and jurisdiction to entertain such motion for a hearing while the writ of error was pending.

Upon the submission of relator's motion to stay, respondent entered an order that the motion to assess damages would be stayed provided relator would, within ten days, file a bond in the penal sum of $2,000, and conditioned that he would pay all damages that might be sustained by the defendants pending the hearing of the writ of error in this court. Such order was not complied with by relator, whereupon respondent overruled his motion to stay proceedings on defendants' motion to assess damages, and set the latter motion down for a hearing.

It was at this stage of the controversy that relator filed his petition for prohibition in this court and obtained the issuance of our preliminary rule; and now issue has been joined upon respondent's demurrer to the petition, such other matters as have been incorporated in the return and the reply thereto being extraneous to the decisive question in the case, which is whether respondent has jurisdiction to hear the motion to assess damages on the injunction bond pending the review on writ of error in this court of the decree dissolving the temporary injunction, and with no *supersedeas* having been given.

Upon broad legal principles it would seem clearly to appear that further proceedings before respondent should be suspended until such time as the propriety of the dissolution of the injunction may be determined by this court. This for the very obvious reason that any right which the defendants may have for the allowance of damages on the bond is entirely contingent upon there being a final decree standing in their favor in the cause in which the bond was given; and while such a decree was indeed rendered, yet its operation as a final determination of the rights of the parties became at once

suspended upon the issuance of the writ of error out of this court. In other words, it cannot now be said that the defendants will ever be entitled to the allowance of damages, for it is entirely possible that as a result of our review of the case the decree of the court may be reversed, the order. dissolving the injunction be set aside, and a permanent injunction be granted, in which event there would be no breach of the condition of the bond, and any assessment of damages previously made be rendered entirely nugatory. Of course we do not say that any such eventuality will actually occur; we only say that the consequences of our appellate review of the case would make it possible. It must therefore follow that whether defendants will ever be entitled to damages remains to be determined by a contingency which is as yet unknown, by which is meant the nature of the judgment that will ultimately be rendered by us in the disposition of the writ of error sued out by relator, and until our own judgment is rendered in that proceeding, defendants can have no cause of action to assert. [Cohn v. Lehman, 93 Mo. 574, 6 S. W. 267; Joplin & W. Ry. Co. v. Kansas City, Ft. S. & M. R. Co., 135 Mo. 549, 553, 37 S. W. 540; Morrison v. Hess (Mo.), 231 S. W. 997; Robertson v. Glenn, 205 Mo. App. 89, 218 S. W. 920.]

Nor are we unmindful of the fact that the writ of error is pending in this court without *supersedeas*. The only purpose which a *supersedeas* bond could serve would be to stay the service of any execution which the terms of the decree might warrant. [Sec. 1048, R. S. 1929, Mo. St. Ann., sec. 1048, p. 1334.] However, so far as concerns the scope to be taken in our review of the case, the function of the writ of error is as effective without, as with, *supersedeas*. [State ex rel. v. Lamb (Mo.), 232 S. W. 983.] Thus rights which do not depend in anywise upon the execution of the decree, but which depend wholly upon the final determination of the issues in the case proper, are not at all affected by the fact that the writ of error has issued without *supersedeas*. And among such rights, whatever they may be, is the right of the defendants to recover damages upon the injunction bond, for that right, which is ancillary to the merits of the case in· chief, is as fully suspended by the issuance of the writ of error without *supersedeas* as would otherwise have been the case if *supersedeas* had been given. [Cohn v. Lehman, supra.]

As opposed to such general conclusions respondent relies upon certain language used by our Supreme Court in Fears v. Riley, 147 Mo. 453, 457, 48 S. W. 828, which, upon its face, does appear to support the theory that a hearing on defendant's motion to assess damages need not await our determination of the case proper on the writ of error. That decision is patently out of line with the doctrine announced in Cohn v. Lehman, supra; and inasmuch as the latter case was subsequently reaffirmed by its citation as the chief authority for

the result reached by the Supreme Court in banc in Morrison v. Hess, supra, again announcing the rule that an appeal from the merits suspends action on the motion to assess damages until the case is disposed of by the appellate court, we regard such rule as the one controlling upon us, and indeed as the one supported by all logic and reason in the case.

But on behalf of respondent, and as further opposed to the view that he is now without jurisdiction to entertain the motion to assess damages on the injunction bond pending the determination of the proceeding instituted with us by writ of error, the suggestion is made that whereas the conclusions of law heretofore announced and relied upon by us are well enough in cases taken directly by appeal to the appellate court, yet the rule should be different where, as here, the propriety of the dissolution of the injunction is to be determined on writ of error, which is not a continuation of the original suit as in the case of an appeal, but is rather the commencement of a new suit having for its purpose the annulment and overturning of the judgment or decree to be reviewed. It is indeed true that the two remedies have many distinguishing features, and that perforce of statutory differences an appeal will lie in many special cases where a writ of error could not issue. But we are now concerned only with the question of the scope to be taken on appellate review by writ of error, that is, as to whether the pendency of a writ of error necessarily suspends the finality of the judgment to be reviewed as effectively as would a direct appeal from such judgment; and as to this it is enough to say that once an appellate court obtains jurisdiction to review the case, whether on appeal or by writ of error, not only is the disposition to be made of the case unaffected by the method of review, but the scope to be taken in the review is the same in either instance, depending upon whether alleged errors occurring in the course of the trial or hearing have been preserved in a bill of exceptions so as to extend the review beyond the face of the record proper. [Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977; Sec. 1061, R. S. 1929; Mo. St. Ann., sec. 1061, p. 1346.]

Finally respondent makes the point that in any event prohibition will not lie under the facts in issue, because prohibition is directed solely to the question of the jurisdiction of the court to exercise a judicial function, whereas here, in assuming to hear defendant's motion to assess damages on the bond, the court is exercising a function which is executive, if not merely ministerial, in character, and one made mandatory upon it by statute (Sec. 1509, R. S. 1929; Mo. St. Ann., sec. 1509, p. 1655).

Aside from any discussion of the character of the case that will warrant resort to the extraordinary remedy of prohibition, counsel's argument is in all events unavailing in this instance because respond-

ent is clearly proposing to exercise a clear judicial function. A proceeding on motion to assess damages on an injunction bond, while ancillary to a subsisting judgment the finality of which gives rise to the cause of action, is yet not a mere after-judgment proceeding, but is in the nature of an independent action on the injunction bond, though grafted on to the injunction suit for the sake of expedition. [Laumeier v. Sammelmann, 218 Mo. App. 468, 279 S. W. 249; Joplin & W. Ry. Co. v. Kansas City, Ft. S. & M. R. Co., supra.] The assessment of damages, under the terms of the statute, must be by a jury unless one is waived, and a motion for a new trial is necessary to bring up matters of exception for review. Furthermore, whether damages are to be allowed, and if so, in what amount, depends upon a judicial determination of both the law and the facts. Consequently in the course of the hearing on such a motion the court sits as fully and completely in a judicial capacity as it does in any other character of trial which may be had before it, and we cannot believe that counsel are very serious in their present insistence to the contrary.

It follows, therefore, that the preliminary rule in prohibition heretofore issued should be made permanent; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court.

The preliminary rule in prohibition heretofore issued is, accordingly, made permanent. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.