STATE OF MISSOURI at the relation of JOSIE MANNING, Relatrix, v. W. C. HUGHES, EDWARD J. McCULLEN, and LYON ANDERSON, Judges of the St. Louis Court of Appeals.—No. 38388.—174 S. W. (2d) 200.

Court en Banc, October 4, 1943.

*Smoot & Smoot* for relatrix.

782

*Allen Rolston* for respondents.

LEEDY, J.—Certiorari to review the opinion of respondents, Judges of the St. Louis Court of Appeals, in Manning, plaintiff-appellant, v. Driscoll's Estate, defendant-respondent, 164 S. W. (2d) 981, [not published in State reports] for alleged conflict with controlling decisions of this court. The opinion disposed of two appeals taken by plaintiff therein; one on the merits (denominated the main case), which was dismissed, and the other from an order of the circuit court sustaining the estate's motion to expunge the record of the judgment appealed from in the main case, which was affirmed.

The relevant facts, as they appear from respondents' opinion, are are follows: The cause originated in the Probate Court of Scotland County by Josie Manning filing her claim against Driscoll's estate for services, and by stipulation it was certified to the circuit court. According to the record made and entered at the time, upon a trial held September 16, 1940, at the close of plaintiff's case, the court gave a peremptory instruction to find for defendant. Whereupon plaintiff took an involuntary nonsuit with leave to move to set the same aside. Plaintiff filed and presented such a motion instanter whereon judgment was rendered refusing to set aside "the involuntary non-suit heretofore suffered by the plaintiff," and judgment for defendants on the merits was entered, and plaintiff appealed to the St. Louis Court of Appeals. In this state of affairs, and long after the lapse of the judgment term, to wit, on November 5, 1941, while said cause was awaiting submission on appeal, defendant filed a motion in the circuit court to expunge from the records of that court the judgment refusing to set aside the involuntary nonsuit, and the judgment for defendants on the merits. The opinion, in referring to the aforesaid motion, and the answer thereto filed by plaintiff, says the following:

That the estate alleged "that neither of said purported and pretended judgments [of involuntary nonsuit, and for defendant on the merits] was ever rendered or approved by the Court in said cause, and that no ruling therein ascribed to the Court was ever made by the Court, and that the same do not constitute any judgment of the Court, and are wholly void and of no force or effect; that the same were improperly and improvidently inscribed and entered upon the records of the Court in this cause by the clerk of the court, without reason or authority, and without the knowledge, consent or approval of defendant, or the Court.

"To this motion of the defendant to expunge, the plaintiff filed an answer on December 8, 1941, denying the allegations of the motion, and

alleging that the judgments sought to be expunged were the judgments announced by the Court in said cause and were duly and regularly inscribed [201] and spread of record by the clerk of the court by the authority and under the direction of the Court and were submitted to the Court before being spread on the records; and further alleging that plaintiff had taken and perfected an appeal in said cause to the St. Louis Court of Appeals and the cause was not set for hearing in said Court of Appeals on December 5, 1941, and that on November 3, 1941, appellant had filed in said Court of Appeals her abstract, statement and brief, and that the circuit court was without authority or jurisdiction to vacate or expunge said judgments; and alleging further that the judgments sought to be expunged were in conformity with the minutes and records as kept by the clerk and the same are not contradicted by any minutes made by the court or by any paper on file or other written evidence, and that the judge of the Court made no notes or minutes upon his docket in the case contradicting the judgments.''

On the hearing, plaintiff objected to the introduction of parol testimony, which was overruled. The opinion sets out the statement made by the court in ruling the motion, from which it is apparent that the action taken was based in large part on the judge's recollection of what transpired at the trial, which was directly contrary to the record. The view we take of the case makes it unnecessary to further develop the nature of the proof adduced on the hearing. The motion to expunge was sustained by an order and judgment entered December 15, 1941, the relevant portions of which read as follows:

''The Court further finds that the judgments complained of in defendant's motion herein are not the judgments of this Court; they were written and spread on the record without the knowledge of the Court and the Court so finds; and they do not reflect correctly what transpired and the Court so finds.''

''It is the judgment of the court that the following language appearing on page 28 of book 35 of the Circuit Court Records of Scotland County, Missouri, be expunged from the record, under the heading 'No. 12966. Josie Manning, Claimant, versus Estate of Edward F. Driscoll, deceased, Edwin M. Driscoll, Administrator, Defendant,' to-wit:

'Instruction Given by Court'

''That on page 29, of said book, under the heading 'No. 12966, Josie Manning, Claimant, versus Estate of Edward F. Driscoll, deceased, Edwin M. Driscoll, Administrator, Defendant' the following language be expunged, being all of paragraph 2, to-wit:

'' 'It is therefore considered and adjudged by the Court that the involuntary non-suit heretofore suffered by plaintiff, Claimant, is not set aside and it is therefore considered and adjudged by the Court that the plaintiff, Claimant, take nothing by her claim and writ as against the Estate of Edward F. Driscoll, deceased, go hence

without day and that defendant, Estate of Edward F. Driscoll, recover of plaintiff its costs in this behalf laid out and expended and that it have execution therefor.' ''

Plaintiff filed motions for new trial and in arrest, both of which were overruled, and she again appealed to the St. Louis Court of Appeals where both appeals were consolidated and heard together.

The opinion expressly recognizes that the purpose of the motion was not to obtain an order nunc pro tunc correcting the record, and points out that it had for its purpose an entirely different function, to-wit, ''to vacate and expunge a judgment void ab initio.'' The affirmance of the action of the trial court in sustaining said motion was primarily upon the ground that the court had authority, even after the adjournment of the term, to expunge the judgment appealed from because not rendered by the court, and, therefore, a nullity. In so holding, the main authority cited is Kansas City Pump Company v. Jones, 126 Mo. App. 536, 104 S. W. 1136, from which the following was quoted with approval: ''The entry by the clerk of a judgment the court did not render was a nullity, and the error thus committed was one which the court had jurisdiction to rectify even at a term subsequent to that at which the judgment was rendered.''

The facts in the Jones case show, as pointed out by its author in the later and distinguishing case of Kreisel v. Snavely, 135 Mo. App. 155, 115 S. W. 1059, that ''the judgment entered by the clerk was expressly contradicted by the judge's minutes.'' While the result reached in the Jones case was doubtless correct, if the motion be viewed as one for a nunc pro tunc order correcting the judgment, it is not without significance that the author of the Jones and Snavely cases was careful to say, in citing the Jones case that, ''where the clerk, either by design or mistake, fails to record the judgment actually rendered, [202] the court may alter the memorial of the judgment to make it express the sentence pronounced, *provided the record entries furnish the evidence to support the correction.*'' Also, that ''the power of the court to vacate or amend, at a subsequent term, the record of the judgment entered by the clerk is restricted to those cases where it clearly appears from the *record entries* that an error of the character discussed [unauthorized inclusion of certain defendants in the judgment] has been made by the clerk.'' [135 Mo. App. l. c. 158, 115 S. W. l. c. 1060.] (Italics, the present writer's.) Thus viewed, the Jones case is not out of harmony with well-settled rules respecting the amendment or correction of records after the lapse of the term at which entered.

But assuming, without deciding, that the matter could be reached by such an anomalous motion as that filed by the estate (on which we express no opinion other than to say it appears to engraft upon the body of the law an additional and hitherto unrecognized method of correcting mistakes and misprisions of the clerk), we pass directly to the question of conflict, as assigned by relatrix. She strenuously

insisted in the Court of Appeals, and likewise urges here, that the opinion is in conflict with Reed v. Bright, 232 Mo. 399, 134 S. W. 653. We do not have the benefit of the views of the learned respondents in this connection inasmuch as no brief has been filed on their part, and the case is not referred to in their opinion. In said case, this court en banc said:

"But . . . the original case, by an order of appeal duly made by the respondent, is now pending in this court. Whilst it is true that the trial court so far retains jurisdiction of a case appealed as to be able to make nunc pro tunc entries, from written data, and certify them to this court as part of the record, we do not think that it has such jurisdiction left to authorize the issuance of a writ of error coram nobis, and upon a trial had, uproot its own judgment, pending the appeal here. An appeal, except for limited purposes, divests the trial court of jurisdiction. In this case the term had ended. Under such circumstances the general rule is that the circuit court is divested of jurisdiction, and the jurisdiction as to the judgment and the cause is vested in the appellate court. [Citing cases.]

"*It can be safely said that the appeal at least robs the trial court of the right to so proceed after the end of its term, as would divest the appellate court of jurisdiction of the cause.*" (Italics, the present writer's.)

This we regard as controlling. The effect of expunging the record in the manner and at the time indicated having been to render the judgment of dismissal voluntary, and hence would have divested the appellate court of jurisdiction of the main case, it follows that for the conflict noted the opinion must be quashed. It is so ordered. All concur, except *Gantt, J.,* absent.