J. J. NEWBERRY COMPANY, A CORPORATION, RESPONDENT, v. WALTER A. BAKER, LOUIS RENSCHEN, MAMIE NEWTON, DOROTHY KUPFENSTEINER, CHARLOTTE NOVOTNY, AND LA VERNE TOLER, APPELLANTS. 205 S. W. (2d) 935.

St. Louis Court of Appeals. Opinion filed November 18, 1947.

*Allen H. Whittington* for appellants.

1132

*Wayne Ely* for respondent.

WOLFE, C.—This is an appeal from an order of the Circuit Court overruling defendants' motion to strike from the record and to hold as void an entry of dismissal and discharge of the surety in an injunction suit. The motion was filed within three days but after the term to which the. entry of dismissal and discharge of the surety was made.

Plaintiff brought suit for an injunction against defendants in this case, and on the 1st of May, 1946, a temporary restraining order was issued against defendants after plaintiff had given a surety bond in the sum of twenty-five hundred dollars as required by the court.

The transcript of the record then recites that on the 6th day of June, 1946, on the court's own motion, the cause was continued to the 28th day of June, with the restraining order remaining in full force until the 28th of June, but not thereafter.. The next entry shown in the transcript is dated the 29th day of November, 1946, which recites that the cause was dismissed by plaintiff and at plaintiff's costs, and that the National Surety Company as surety on the bond filed in the case was discharged. The day following the date of this entry was the last day of the term, and after the term had ended, and on the 2nd day of December, defendants filed their motion to strike the record entry of November 29. The reasons assigned for the motion are that the dismissal was not actually by leave of court, that it was made by the

clerk in the absence of the Judge, that no notice was served on defendants of plaintiff's intention to dismiss, and the liability of the surety on its bond had not been adjudicated. With this motion to strike the entry of dismissal and discharge of the surety from the record was filed a motion for damages on the injunction bond.

On the 4th of December a hearing was had upon the motion, and defendants called to the stand the clerk of the division, who related that the entry complained of was made by him from a memorandum which read as follows: "J. J. Newberry Company versus Walter A. Baker, et al, No. 98222, Room 2, dated November 27, '46. By leave of court cause dismissed by plaintiff and at plaintiff's costs and National Surety Corporation is discharged as surety on the bond heretofore filed in said cause on April 26, 1946." The memorandum bore the signature of the attorney for the plaintiff. The clerk stated that he did not recall whether the memorandum had been given to him or left upon his desk, and he further stated that he thought it was late in the afternoon when he came into possession of it, and that the Judge of the division was not present at the time. He stated that he did not know whether or not the Judge had approved the memorandum and that he had no directions from the court to file it. This was all that was presented by the attorney for defendants in support of their motion. Thereafter plaintiff's attorney requested the attorney for defendants to take the stand and introduced in evidence two letters that had been exchanged between them relative to the case. The first letter, plaintiff's exhibit A, was from plaintiff's attorney to defendants' attorney, dated November 18, 1946, and was in part as follows:

"The Newberry Company has taken a firm position in the matter that whatever compensation you receive should be from the Union, and that it will not pay you a fee. For reasons heretofore explained to you, I agree with Newberry that it is not under obligation to pay you a fee.

"Therefore, I am writing you this letter as notice to you of my intention to dismiss the suit now pending in Division 2 of the Circuit Court of St. Louis, so that if you care to do so you may file a motion asking the court to allow you a fee. If such motion is to be filed it should be done this week, as I intend to dismiss the case next Monday. I will, of course, contest any motion you might file."

This letter was answered by a letter from defendants' attorney to plaintiff's attorney on November 19, 1946, which letter was offered as plaintiff's exhibit B, and is in part as follows:

"Your impression that my clients have refused to pay me is a mistaken one. As you and I both know, I look to my clients for my fee, and they look to the bond for re-imbursement as a part of the damage suffered by reason of the issuance of the temporary restraining order.

"Since you have indicated that there is no point in further negotiation, I will prepare and file the Motion for Damages on the Bond."

No further pertinent testimony or evidence was offered on the motion except a statement by defendants' counsel that he did not file a motion for damages on the bond as suggested in the letter from plaintiff's attorney because such a motion would have been premature if filed before the dismissal of the suit for injunction.

On the 13th of January, 1947, the court overruled defendants' motion to strike the entry, and it is from this that defendants have appealed.

The motion by defendants to strike the entry of dismissal and discharge of the surety was filed within three days after the entry was made but within that interim the September term had expired. The fact that the term to which the entry was made had passed seems to have been a factor which caused defendants to attack the entry complained of with the motion to have it stricken from the record and declared void. They sought to have the entry held *void* because they proceeded in the Circuit Court and proceed in this court on the theory that actions for injunction are not under the Civil Code, and that with the passing of the term to which the entry was made the court lost jurisdiction to *set aside* an order discharging the surety and to hear a motion for damages on the bond. It is true that injunctions are covered by a special article as a special procedure (Art. 7, Ch. 8, Revised Statutes Missouri, Mo. R. S. A.), but the Civil Code provides in section 2, Mo. R. S. A., 847.2, that it shall govern procedure in the trial and appellate courts "in all suits and proceedings of a civil nature whether cognizable as cases at law or in equity, unless otherwise provided by law." Sec. 6(c) of the Code and sec. 847.6 Mo. R. S. A., provides the period of time "for the doing of any act or the taking of any proceeding is not affected or limited by the expiration of a term of court. The expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which it is otherwise by law authorized to take and which is pending before it." The application of these sections to special procedure statutes is clarified by rule 3.02(c) of the Supreme Court, which states:

"Special civil procedure statutes, not a part of the 'Civil Code,' and except as noted in paragraphs (a) and (b) hereof, which state a particular manner or time within which a procedural act shall be performed, shall not be deemed supplanted by corresponding provisions of the Civil Code, but the provisions of the special procedural statute shall be followed, and this notwithstanding that the time within which a particular procedural act shall be performed is measured by terms of court or otherwise."

Since there is no requirement in Article 7 of Chapter 8, Revised Statutes Missouri, on injunctions that a motion for a new trial or a

motion to set aside a judgment shall be filed within the term to which it was entered, nor any other procedural act required to be done within a time measured by a term or terms of court, the Civil Code supplanted the previous procedure and the defendants had ten days in which to file a motion for a new trial, (Sec. 116 Civil Code, Mo. R. S. A., sec. 847.116) and the trial court, under Sec. 119 Civil Code, Mo. R. S. A., sec. 847.119, had thirty days after the entry within which it could on its own initative have granted a new trial. State ex rel. Iannicola v. Flynn, Mo. App., 196 S. W. (2d) 438; Seabaugh's Dependents v. Garver Lumber Mfg. Co., Mo., 200 S. W. (2d) 55; Linenschmidt v. Continental Casualty Co., Mo., 204 S. W. (2d) 295.

The defendants in this case knew from the exchange of correspondence that plaintiff intended to dismiss his case, and plaintiff was fully informed that defendants intended to claim damages on the surety bond, but defendants were under no obligation to file a motion for the assessment of damages on the bond prematurely. As long as the court had jurisdiction of the matter, it could have reinstated the restraining order it had previously dissolved, or upon final hearing could have granted a permanent injunction. Until the cause was dismissed defendants' motion to assess damages would have been premature. Cohn v. Lehman, 93 Mo. 574, 6 S. W. 267; State ex rel. Hermann v. Green, 230 Mo. App. 805, 76 S. W. (2d) 432; Price Baking Powder Co. v. Calumet Baking Powder Co., 82 Mo. App. 19. The letter informing defendants' counsel that the case would be dismissed on the Monday following the date of the letter, which would have been November 25, followed by a failure to dismiss on the day mentioned, could not be construed as notice that a dismissal would be entered on November 29. But regardless of the failure to give notice and regardless of any right plaintiff had to dismiss its action, it had no right without notice of any kind to move for the discharge of the surety coincidental with the dismissal of the suit, for there first had to be an adjudication of the damages against the obligor on the bond. In the defendants' motion to strike the entry they stated this as one of their grounds. They filed it within proper time and filed with it a motion to assess their damages. Upon this ground their motion should have been sustained, and the court should have proceeded in the manner provided by statute to hear the motion to assess the damages.

Motions of the nature of the one filed in this suit have been resorted to before in like circumstances but after the court had lost jurisdiction by the passing of time to set aside such entry. In Kansas City Pump Co. v. Jones, 126 Mo. App. 536, 104 S. W. 1136, the court stated:

"A clerk is a mere ministerial officer, the hand of the court, and has no authority to enter a judgment not pronounced by the court. His entry of a judgment in the records is designed to stand as a perpetual memorial of the court's action, but the judgment itself 'is the judicial act of the court in pronouncing the sentence of the law upon the facts

in controversy as ascertained by the pleadings and verdict.' The entry by the clerk of a judgment the court did not render was a nullity, and the error thus committed was one which the court had jurisdiction to rectify even at a term subsequent to that at which the judgment was rendered.''

The later cases of Kreisel v. Snavely, 135 Mo. App. 155, 115 S. W. 1059, State ex rel. Manning v. Hughes, et al., 351 Mo. 780, 174 S. W. (2d) 200, and Poindexter v. Marshall, Mo. App., 193 S. W. (2d) 622, clarified this case and limited the right of a court to correct an entry made by the clerk to those cases where there was an error patent of record or a contradiction of the entry by a proper record, such as the Judge's minutes, of a differing judgment. But these cases have to do with motions after the term to which the entry was made with the judgment thereby becoming final and they are not applicable to the case in question for the court was within time to have made any correction necessary in the record entry to make it conform with what had actually transpired.

The Commissioner therefore recommends that the order of the court below be reversed and that the portion of the entry of November 29, 1946, purporting to discharge the surety be stricken from the record of the Circuit Court, and that the cause be remanded for trial of the defendants' motion for damages on the injunction bond.

PER CURIAM:—The foregoing opinion of WOLFE, C., is adopted as the opinion of the court. The order of the Circuit Court is accordingly reversed and the cause remanded with the directions recommended by the Commissioner.

*McCullen*, P. J., and *Anderson* and *Hughes*, J. J., concur.