Harold O. GOAD and Jo Ann Goad, Plaintiffs-Respondents,

v.

MISTER SOFTEE OF THE MISSISSIPPI VALLEY, INC., a Corporation, J. Thomas Evans, and Ilion L. Miller, Defendants-Appellants.

No. 31454.

St. Louis Court of Appeals.

Missouri.

June 15, 1964.

Blumenfeld, Kalishman & Tureen, Charles M. Tureen, St. Louis, for defendants-appellants.

Boyle, Priest, Elliott & Weakley, Edward D. Weakley, St. Louis, for plaintiffs-respondents.

BRADY, Commissioner.

This appeal arises out of proceedings wherein the respondents sought an injunction to prevent the appellants from obtaining a repossessed title to a truck. The issue presented for our ruling does not deal with the propriety of the trial court's action in refusing to grant the relief requested, and accordingly, our statement of the factual situation will be very brief. The parties will hereafter be referred to by their designation in the trial court.

The plaintiffs had purchased a "Mister Softee" truck from the corporate defendant. They had paid $4,500.00 down and had given their note secured by a chattel mortgage for the balance due of $10,217.00. This note and chattel mortgage had been sold by the corporate defendant to a finance company. The plaintiffs had been unable to keep the truck in operation, and the defendant Miller had arranged for the plaintiffs to lease the truck to the defendant Evans. The provisions of the lease are not pertinent. Evans got behind in his payments under this lease and also owed money to the defendant Miller. The source of Evans' indebtedness to Miller does not appear. The plaintiffs were persuaded to execute a new note and chattel mortgage by which they borrowed an additional $3,000.00 and loaned this sum to Evans so that he could pay Miller and pay them the arrearage due them under the lease. This note was for the amount of $5,276.26 which was the total of the amount Miller told the plaintiffs they owed under the old note, interest, and the $3,000.00. At the same time plaintiffs executed a new lease to Evans by which the payments were increased to retire this new indebtedness. This arrangement is not an issue in this appeal. The plaintiffs did not receive any of this $3,000.00. Evans became in arrears again, and this resulted in the plaintiffs being unable to make their payments to the finance company. That organization, having purchased the plaintiffs' note from the defendant corporation with recourse, made demand upon the corporate defendant. It does not appear that the corporate defendant ever paid off the plaintiffs' note to the finance company, although it does appear that the note and chattel mortgage were reassigned to the corporate defendant who then repossessed the truck. The corporate defendant then entered into negotiations with Mister Softee of Los Angeles, Inc., culminating in the truck being sent to California. Upon demand by the California organization for the title to the truck, the defendant corporation requested the proper authorities in this state to issue a repossessed title to the truck in the defendant corporation's name. Having been notified by the Department of Revenue of this state that it intended to issue title the plaintiffs brought their action to enjoin the defendants for making application and securing such a title. As to the individual defendants, the plaintiffs' theory was fraud. The plaintiffs had never received title to the truck. They had paid some $10,400.00 on those two notes or some $200.00 over the amount due on the original note plus a down payment of $4,500.00.

When the plaintiffs filed their action, they posted a bond of $5,276.00 with a corporate surety. The trial court approved the bond, issued its temporary restraining order and set a date for the defendants to show cause why the temporary injunction should not be issued as prayed. On the 18th of October, 1962, the hearing to show

cause was held and submitted to the trial court who took the matter under advisement directing that the restraining order should remain in full force and effect. On October 22, 1962, the trial court denied the plaintiffs the relief they requested. In that order and immediately following the denial of the plaintiffs' request for a temporary injunction the trial court stated that the temporary restraining order was discharged "and bond released." The next day the defendants filed a motion to amend this order by striking the words "and bond released" and to reinstate the bond. This motion was argued, submitted and overruled on November 21, 1962. Some six days after the trial court overruled the defendants' motion to strike from its order the words "and bond released" a separate motion to assess damages was filed by the defendants. There has been no ruling nor action of any kind taken upon this motion. The defendants present one allegation of error for our ruling. They contend the trial court erred in overruling their motion to strike the words "and bond released" from its order denying the plaintiffs an injunction for the reason that there had been no adjudication of damages.

■■ The defendants state in their brief that they appeal from the trial court's action overruling their motion which sought to have the trial court amend its order by striking the words "and bond released." The motion for new trial is in the same language. Generally appeals do not lie from rulings on motions which do not involve a final disposition of a case. In re Smith, Mo.App., 331 S.W.2d 169; Lowe v. Frede, 258 Mo. 208, 167 S.W. 443. In the instant case the trial court's action was in effect a denial of any damages to the defendants. In such case an appeal will lie. Section 526.200 RSMo 1959, V.A.M.S., n. 40. We therefore construe defendants' action as a good faith attempt to appeal from a judgment of the trial court denying them damages upon the trial court's refusal to grant plaintiffs the injunctive relief for which they prayed.

■ In Waterman v. Waterman, Mo. App., 210 S.W.2d 723, l. c. 726, this court held that "[l]iability accrues on an injunction bond, and a defendant's right of action comes into being, when the impropriety of the issuance of the injunction has been determined as a consequence of the termination of the injunction suit adversely to the party procuring the injunction. Cohn v. Lehman, 93 Mo. 574, 6 S.W. 267." While the factual situation is somewhat different, this court's ruling in J. J. Newberry Co. v. Baker, 239 Mo.App. 1130, 205 S.W.2d 935, is to the same effect. In Herbig v. Herbig, Mo.App., 245 S.W.2d 455, l. c. 457, this court cited with approval Jegglin v. Orr, 224 Mo.App. 773, 29 S.W.2d 721. The Jegglin case held that a suit is prematurely brought and may not be maintained if the petition is filed before the cause of action has accrued. It follows that the defendants' cause of action on the bond for damages came into being on October 22, when the trial court denied the plaintiffs the injunctive relief they sought. The defendants' cause of action was not in existence on October 18 at which time the trial court took the order to show cause under submission and ordered that the restraining order it had theretofore issued was to remain in full force and effect. Accordingly, the issue of defendants' damages against the bond could not have been properly heard and submitted to the trial court.

■ The plaintiffs' position is that Civil Rules 92.09 and 92.11, V.A.M.R., do not expressly prevent the parties to an injunction proceeding from submitting the issue of damages to the trial court at the same time as they submit the issue as to the issuance of the injunction. They argue that any procedure which the parties may agree upon and which submits the issue of damages on the injunction bond is sufficient. We cannot agree. In the case of

State ex rel. Latshaw v. Reeves, 237 Mo. App. 812, 177 S.W.2d 537, it was recognized that what is now Section 526.200 RSMo 1959, V.A.M.S. makes no provision for the type of pleadings or the time for assessment of damages. It was therein pointed out that the statutes should be given a reasonable and practical instruction of interpretation. Reading the Latshaw case together with what this court said in Waterman v. Waterman, supra, and J. J. Newberry v. Baker, supra, we have grave doubt that plaintiffs' position can be sustained. However, it is unnecessary to rule that under any and all circumstances the defendants could not present their allegations as to the damages due them at the same time they presented their evidence as to the issuance of the temporary injunction. The assumption and we do not so decide, that the plaintiffs are correct will not inure to their benefit. This for the reason that there was no action taken by the parties in this case that can be held to have submitted the issue of damages to the trial court. It will be recalled that the parties were engaged upon a hearing held pursuant to an order to show cause. The issue framed by that order was whether the trial court should grant plaintiffs a temporary injunction. In response to that order the defendants separately filed pleadings which the plaintiffs admit in their brief amount to " * *. * a general denial of the allegations in the petition." There is no mention of damages in any such pleadings. The defendants did not file a pleading of any kind requesting affirmative relief against the bond or in any other manner. So far as the pleadings are concerned the parties joined issue only upon the propriety of the issuance of a temporary injunction. As a matter of fact the pleadings furnish support to the defendants' contention that this issue was never submitted to the trial court. Each of the defendants filed separate returns to the order to show cause, and in each return it was alleged that the granting of the temporary injunction as prayed by the plaintiffs would cause irreparable harm to "this defendant." Exhibit 1 consists of an affidavit by the defendant stating the probable damages that the corporate defendant might sustain if the temporary injunction were entered. (The issue is not here raised, and so we will not rule upon the admission of such an affidavit where there was no showing that the affiant who had been personally served could not attend the trial.) While somewhat confusing in its language, a fair reading of the affidavit indicates clearly that its purpose was to place before the court some evidence to support the allegation of the returns that the granting of a temporary injunction would cause irreparable harm to the defendants. Except for this exhibit the transcript is entirely silent as to the word "damages." There was no indication by either party that such an issue was to be presented or even considered. It follows that we are not here presented with a case in which the parties can be held to have joined issue, tried and submitted to the trial court the issue of damages upon the bond while engaged in the hearing on the order to show cause.

The judgment should be reversed and the trial court directed to enter its order striking the words "and bond released" from its order of October 22, 1962. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is reversed with directions.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.